## 11667

### HEINITSH v. FLOYD, MAYOR ET AL.

#### (126 S. E., 336)

1. CONSTITUTIONAL LAW—PROPOSED AMENDMENT MUST BE PROPERLY SUBMITTED AND MUST BE ADOPTED BY VOTE OF PEOPLE.—To amend the Constitution by the legislative method, the proposed amendment must be properly submitted and must be adopted by the vote of the people in the free and fair exercise of their right of suffrage.

2. CONSTITUTIONAL LAW—PROVISO TO AMENDMENT TO CONSTITUTION HELD NOT ADOPTED, IN VIEW OF INCOMPLETE TITLES OF PROPOSING RESOLUTION AND RATIFYING ACT AND INSUFFICIENT BALLOT.—Adoption of amendment to Const. Art. 8, § 7, and Article 10, § 5, submitted March 11, 1922 (32 St. at Large, p. 1568) and ratified March 12, 1923 (33 St. at Large, p. 129), exempting city of Spartanburg from constitutional bond debt limits, where bonds are for certain purposes, *held* not an adoption of the proviso that the amount of bonds should not exceed 15 per cent. of the assessed value of property in the city, in view of failure of title of proposing resolution, and of ratifying act, and failure of ballot to indicate that such proviso was contained therein.

3. CONSTITUTIONAL LAW—AMENDMENT NOT INVALID MERELY BECAUSE SUBMITTED UNDER INCOMPLETE TITLE.—An amendment is not invalid merely because submitted under an incomplete title.

4. CONSTITUTIONAL LAW—RULE AS TO CONSTRUCTION OF CONSTITUTIONAL AMENDMENT.—Court in construing constitutional amendment will give effect to intent of its framers and of people who adopted it, keeping in mind the object sought to be accomplished and the evils to be remedied.

NOTE: On effect of noncompliance with prescribed method of amending Constitution, see note in 10 L. R. A. (N. S.) 149.

Proceeding in the original jurisdiction by H. E. Hein-itsh, as citizen of Spartanburg, against J. F. Floyd, as Mayor, and the Councilmen of the City of Spartanburg, and the Commissioners of Public Works of said City. Respondents demurred to the petition. Petition dismissed.

*Messrs. Lyles, Daniel & Drummond,* for respondents, cite: *Construction of Constitutional Amendment:* 12 C. J., 700, 703; 113 N. E., 267; 110 N. E., 485; Ann. Cas. 1915-B, 381; 87 S. E., 1039.

*Mr. I. C. Blackwood* for petitioner.

January 29, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

The petitioner brought this proceeding in the original jurisdiction to enjoin the sale of $1,350,000, City of Spartanburg Waterworks Extension Bonds, on the ground that the proposed issue will create a bonded indebtedness in excess of the constitutional limit imposed on that City by an amendment submitted March 11, 1922 (32 Stat., 1568), and ratified March 20, 1923 (33 Stat., 129).

The city and school district of Spartanburg are coextensive taxing subdivisions, and contain approximately one-third of all the taxable property in Spartanburg County. After referring to the bond debt limits imposed by the Constitution of 1895, the petition sets forth that the embarrassment to municipal development occasioned thereby resulted in the adoption of exempting amendments at almost every subsequent general election rendering these debt limits inapplicable to waterworks, sewerage, and lighting bonds of different cities until 1911, when the necessity for their abolition as to these classes of bonds was so manifest that a state-wide amendment to that effect was adopted; that between 1911 and 1921 the County, City, and School District of Spartanburg each issued bonds to an amount that placed

an aggregate bonded debt (exclusive of water, sewer, and light bonds), on the territory embraced in the limits of the City equal to 15 per cent. of the assessed value of property therein, so that none of the three could incur any further bonded debt; that, for the purpose of solving this situation, and in order that necessary improvements might be continued, a constitutional amendment further relaxing the bonded debt limitation was sought, with the result that the amendment here involved was proposed and adopted; that the present waterworks of the City of Spartanburg are inadequate, and that an election, initiated by freeholders' petition, authorized the issue of the bonds whose sale is sought to be enjoined.

In its body, the amendment of 1923 exempts the City of Spartanburg from the constitutional bond debt limits where the bonds are for waterworks, sewerage, lights, street improvement, or the payment of debts incurred. But the petitioner's contention is based on the following proviso:

"*Provided,* that the amount of bonds issued hereunder shall not exceed 15 per cent. of the assessed valuation of property in the City of Spartanburg."

The City contends that the amendment should be construed in the light of the manifest intention of the Legislature in proposing it and of the people in adopting it; that exemption from existing limitations, and not the imposition or revival of greater, was the unmistakable intent; and that, this being true, that meaning should be ascribed to the amendment which will not thwart or defeat, but which will accomplish its purpose.

In the light of the history of debt-limit amendments to the Constitution, there being no instance where exemption was not the purpose, and, in view of the situation which provoked the amendment of 1923, there can be no doubt that exemption from existing limitations was the intent of the Legislature in framing, and of the people in adopting it. It is highly improbable that the Legislature, after proposing so

many amendments exempting water and sewer bonds, and after the will of the people had expressed itself in the state-wide exempting amendment of 1911, would revive and apply these limitations to Spartanburg while endeavoring to rectify a condition obtaining in that City as the direct result of other existing limitations.

Furthermore, the title of the proposing resolution gives no indication that it carries a nullifying proviso, and the ballot prescribed clearly advised the voters that by favorable action they would achieve their purpose of exempting the City of Spartanburg. The ratifying Act carries no suggestion in its title of the proviso.

The title of the proposing resolution is:

"A Joint Resolution to amend Section 7 of Article VIII, and Section 5 of Article X, of the Constitution so as to exempt the City of Spartanburg from the provisions thereof."

The ballot reads:

"Amendment to Section 7 of Article VIII, and Section 5 of Article X of the Constitution exempting the City of Spartanburg from the foregoing provisions therein relating to municipal bonded indebtedness."

The title of the ratifying Act is:

"An Act to ratify an amendment to Section 7 of Article VIII, and Section 5 of Article X of the Constitution exempting the City of Spartanburg from the provisions thereof."

Two things are essential to the amending of the Constitution by the legislative method, the proposed amendment must be properly submitted, and it must be adopted by the vote of the people in the free and fair exercise of their right of suffrage.

Under the submitting resolution and the ballots employed in this case it cannot be said that the proviso was adopted. It is true that an amendment will not be held invalid by reason of its submission under an incom-

plete title. But, in this case, in so far as the proviso is concerned, the title and the ballots were deceptive; and the admitted facts show that the electors thought that their favorable votes would accomplish a contrary result. To give effect to the proviso under these circumstances would be to approve the submission of constitutional amendments under forms which would procure their adoption by deceit. Even though a submitting resolution were not required to have any title at all, nevertheless it would be mocking the faith of the people to permit the employment of false and misleading titles to seduce their support of measures they would otherwise condemn.

While the Legislature, in proposing a constitutional amendment is, in many respects, not subject to the rules controlling ordinary legislative action, still, the fundamental purpose in construing an amendment is to ascertain and give effect to the intent of its framers and of the people who adopted it; and the Court must keep in mind the object sought to be accomplished, and the evils sought to be remedied. 12 C. J., 700.

In the Georgia case of *Townsend v. Smith,* 144 Ga., 792; 87 S. E., 1039, the title of a proposing Act indicated the purpose of striking out a certain clause of the Constitution, and the ballots corresponded with the title. In the body of the proposing resolution, an additional clause was stricken. After discussing and analyzing the title, the ballots and the purpose of the amendment, the Court said:

"In view of the entire Act proposing the amendment, we think that it is plain that they [the Legislature] did not intend to propose the striking of the last clause of the paragraph, and we are not prepared to hold that they * * * did so by a blunder contrary to their intention."

The Legislature, in proposing the amendment of 1923, did not intend to revive the limitations abolished by the amendment of 1911. Neither the Legislature nor the electorate intended the adoption of the proviso. Therefore, such

limitations were not revived and the proviso was not adopted.
The injunction prayed is refused and the petition dismissed.

MESSRS. JUSTICES FRASER, MARION, and MR. W. C.
COTHRAN, ACTING ASSOCIATE JUSTICE, concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN
did not participate.