16352

TINDALL v. BYARS *ET AL.*

(59 S. E. (2d) 337)

2

*Messrs. Hemphill & Hemphill,* of Chester, *for Appellant,*

*Mesrs. J. E. McDonald,* of Chester, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respondents,*

4

May 2, 1950.

Stukes, Justice.

Section 5 of Art. XI of the State Constitution of 1895, which prescribes limits of the area of school districts, was amended in 1949, 45 Stat. 2510, 46 Stat. 23, by addition of the following: "Provided, That the limitation as to area of school districts imposed by this Section shall not apply to school districts in Chester County, but in said County, school districts shall be of such area as the General Assembly or the Board of Education of Chester County may prescribe."

After an approving advisory referendum in 1948, see Act No. 953 of 1948, 45 Stat. 2508, by Act No. 82 of 1949, 46 Stat. 116, the whole area of Chester County was constituted one school district by the consolidation of all of the former districts. Sec. 7 of the Act was as follows: "The County Board of Education shall take title to all property that is now being used for school purposes and all property that has been used for school purposes, and shall assume all school indebtedness of the present districts. Chester County shall in all cases be the unit for financing   *   *   *."

Act No. 455 of 1949, 46 Stat. 1058, provided for the construction of a Chester County hospital and authorized the issuance of bonds in an amount not exceeding $450,000.00. The hospital board plans thereunder to issue $250,000.00 bonds for the construction and equipment of the projected hospital but it was discovered that the aggregate of county

bonds and school district bonds would thereby be increased to an amount in excess of the constitutional debt limit applicable to Chester County. Sec. 5, Art. X, Constitution of 1895.

To solve that situation the General Assembly at its 1950 session passed an act, approved Jan. 30, 1950, 46 St. at Large,——, entitled, "An Act to consolidate the existing school districts in Chester County into a school district to be designated as 'The School District of Chester County'; to provide for the management and government of Chester County School District, the terms of office of the trustees of the said district and to provide for other matters relating to the schools of Chester County." By the terms of section 5 this act, for the assumption by Chester County of the indebtedness of its several former school districts (provided by Sec. 7 of Act No. 82 of 1949, quoted above,) there was substituted the assumption of that indebtedness by the newly created "The School District of Chester County." (There was a companion act of 1950, 46 St. at Large——, also approved Jan. 30, of consistent provisions, which need not be further considered here.)

If the last stated legislation served its manifest purpose and relieved the county, as such, of the indebtedness of its several former school districts and transferred such indebtedness to the School District of Chester County, the proposed issue of hospital bonds by the county will not cause it to exceed the constitutional debt limit. The contrary is the contention of the plaintiff who brought this taxpayer's action for judgment (1) declaring invalid the legislative effort to create a single school district coextensive with the territory of Chester County, (2) determining the obligor upon the existing school district indebtedness, (3) enjoining the planned issuance of hospital bonds and (4) for other appropriate relief.

The Circuit Court refused to enjoin the contemplated issue of hospital bonds under the Act of 1949, 46 Stat. No. 455, page 1058, and further adjudged as follows:

1. That the indebtedness of the several school districts of Chester County, as they were constituted prior to the passage of the 1950 Act consolidating the school districts of Chester County into a single unit, is not a part of the bonded indebtedness of Chester County.

2. That Chester County may issue the bonds authorized by the 1949 Hospital Bond Act, provided the amount issued pursuant thereto does not exceed its constitutional debt limit.

3. That the Act of 1950, establishing Chester County into a single school district, is a valid act, and that The School District of Chester County is a valid and lawfully created school district.

4. That the indebtedness of the several school districts, formerly existing in Chester County, has been lawfully assumed by The School District of Chester County, and is to be paid by the new consolidated school district.

The appeal is upon numerous exceptions which are encompassed within the following questions submitted by respondents:

1. Is the 1950 Act, consolidating the several school districts of Chester County into the The School District of Chester County, a valid enactment?

2. Has there been assumed by Chester County, as such, the bonded indebtedness of the several school districts of the County, which existed prior to the 1950 enactment consolidating Chester County into a single school district?

They will be discussed in that order. The restrictions upon the area of school districts, contained in sec. 5, art. XI, of the Constitution, have undoubtedly been eliminated with respect to Chester County by the 1948-1949 amendment of the constitution which has been quoted. It provides that school districts therein shall be of such area as

the General Assembly or the County Board of Education may prescribe, and appellant argues that the use of the plural implies the necessity for more than one district in the county. Incidentally, the amendment removes Chester County from the bans of subdivisions IV and IX of sec. 34 of art. III, with respect to the incorporation of a school district by special law and forbidding special laws in other cases where a general law can be made applicable, simply because of the express constitutional authorization, perforce the amendment, for the creation of school districts in that county, quoting, "as the General Assembly * * * may prescribe." The prescribing may reasonably, if not necessarily be made by special act and not general law. But regardless of that result and without the necessity of depending upon it, the law here consolidates rather than incorporates, and thereby does not offend subdivision IV. *Walker v. Bennett,* 125 S. C. 389, 118 S. E. 779.

Appellant cites as contrary to the foregoing conclusion *Kyzer v. Dent,* 163 S. C. 403, 161 S. E. 690, a case which does not appear to have been cited in any subsequent decision. However, the facts there were different. It involved the effort of the legislature by special act to annex two common school districts to another which the court held to be in conflict with an existing statute. We do not think the reasoning of the decision is applicable to the present controversy and we do not follow it.

If the former limitations upon area are removed, which is the obvious effect of the amendment, it may not be soundly contended that a district created under the authorization of the amendment should not include all of the area of the county. The fallacy of appellant's argument is illustrated by the consideration that consistent with it the General Assembly may have created two districts, one of an area of one square mile or even less, and a second district of all of the remaining area of the county which is over five hundred square miles. It will hardly be contended that such

was within the intendment of the framers of the constitutional amendment and that the merging of the whole county into a single district is violative of the intention. Nevertheless, that would be in keeping with the contention of appellant. Suppose the amendment had read: "* * * a school district shall be of such area," etc. Would it be argued that under it Chester would be compelled to consolidate all districts into one? Hardly, but that would be as logical as the present contention with respect to the plural. The number of the noun is patently unimportant in the meaning in this instance. We agreed with the trial court that it was a proper exercise of the legislative authority contained in the amendment to consolidate the whole area of the county into a single school district. Constitutional amendments are not subject to the strict construction urged by appellant. *Heinitsh v. Floyd,* 130 S. C. 434, 126 S. E. 336.

Turning to the second question, it is argued that by ■ the Act of 1949, 46 Stat. 116, Chester County as such assumed the indebtedness of the former school districts, whereby it became a part of the county indebtedness, and the attempt of the General Assembly to disaffirm the assumption by the cited Act of 1950 was invalid for the reason that it constituted an impairment of the contracts embraced in the indebtedness, in violation of sec. 8 of art. 1 of the Constitution. This is untenable because the Act of 1949, 46 Stat. 116, was entirely voluntary and not a contract. Creditors of the districts are not complaining; and, incidentally, they may look for payment of the obligations to the districts who were the original debtors. All property formerly of the districts is now vested in the consolidated Chester County School District but the privately owned property of the freeholders of the former districts remains liable for payment of the respective district obligations, should resort to it ever become necessary. A contrary contention would run counter to the constitutional inhibition of impairment of contracts. *Cf. Brice v. McDow,* 116 S. C.

324, 108 S. E. 84. Many authorities on this and tangent questions are collected in the annotation in 121 A. L. R. 826. It may be said in passing that the difference to the bond-holders (and to the former districts) in the liability of Chester County as such and as the consolidated school district, each with the identical taxable property, appears to be no more than the proverbial difference between tweedledum and twedledee.

The result is clear. The School District of Chester County is chargeable under the Act of 1950 with the indebtedness incurred by the former separate districts, not Chester County; and the latter's indebtedness is to be calculated without inclusion of the school district debt. The county and the consolidated school district are separate and distinct corporate entities of coincidental and coextensive areas. They are separately subject to the constitutional debt limitation. Art. 10, sec. 5. *Ashmore v. Greater Greenville Sewer District,* 211 S. C. 77, 44 S. E. (2d) 88, 173 A. L. R. 397, and cases there cited.

A vital difference between the legislation now before us and the corresponding feature of that involved in *Moseley v. Welch,* 209 S. C. 19, 39 S. E. (2d) 133, appears from the following approved quotation in the opinion in that case, 209 S. C. at page 37, 39 S. E. (2d) at page 142: "It is no answer to this objection to the Act that when there is a consolidation of school districts the subsisting obligations of any or all of the districts consolidating become the obligations of the consolidated district, because in the event of consolidation not only do the obligations of the districts consolidated become the obligations of the consolidated district but all the property of the districts consolidated becomes the property of the consolidated district. It is, therefore, not a case, as it is in this case, of requiring the taxpayers of one school district to help pay the debts of another school district without receiving anything in return."

The further following quotation from the Moseley-Welch decision marks another important distinction between the cases: "There is nothing to show that this bonded indebtedness is now being assumed on the theory of equalizing the opportunities for public education throughout the County." The opposite is true here. With the whole territory of the county a single district, there will be no relatively rich or poor districts and all pupils will share equally in school resources. One of the cited 1950 Acts contains appropriate legislative findings thereabout, to which reference may be had. They are unchallenged here.

The exceptions are overruled and the judgment affirmed.

FISHBURNE, TAYLOR and OXNER, JJ., and E. H. HENDERSON, Acting Associate Justice, concur.

BAKER, C. J., not participating.