## 18454

Mary M. MUNGO, a resident and taxpayer of that portion of Lexington County lying within School District No. 5 of Lexington and Richland Counties, the State of South Carolina, individually and representing all other persons similarly situate, and D. P. Bouknight, a resident and taxpayer of that portion of Richland County lying within School District No. 5 of Lexington and Richland Counties, the State of South Carolina, individually and representing all other persons similarly situate, Appellants, v. E. P. SHEDD, Chairman, David Simon, George Stoudemeyer, George D. Kilgore, Coy R. Amick, H. C. Shealy and M. O. Folk, constituting the Board of Trustees of School District No. 5 of Lexington and Richland Counties, the State of South Carolina, Respondents.

(146 S. E. (2d) 617)

*George I. Alley, Esq.,* of Columbia, *for Appellants,*

*Messrs. R. Milo Smith* and *T. H. Rawl, Jr.,* of Lexington, *for Respondents,*

February 4, 1966.

Brailsford, Justice.

The parties agree that the following question fairly presents the controlling issue on this appeal:

"Where a school district lies in part in Richland County and in part in Lexington County and, by virtue of special constiutional amendments *any school district in Richland County* is permitted to incur bonded indebtedness up to an amount not in excess of 15% of the assessed value of all taxable property therein and *any school district in Lexington County* is permitted to incur bonded indebtedness to an amount not exceeding 20% of the assessed value of all taxable property therein, what is the debt limitation applicable to the school district: (a) the 15% limit permitted by both of the said constitutional amendments, or (b) the 8% limitation which applies to school districts generally?" (Emphasis added.)

After due consideration, the circuit court reached the following conclusion:

"Here we have a School District affected by two amendments, one imposing a 15 per cent debt limitation against that portion of the School District lying within Richland County; and the other imposing a 20 per cent debt limitation against that portion of the School District lying within Lexington County. The effect of these two amendments is to limit the School District to the 15 per cent permitted by each amendment; and the School District may, therefore, proceed to issue bonds to an amount not in excess of 15 per cent of the assessed valuation of all taxable porperty within the School District."

We agree. Appellants' contention that the general eight per cent limitation, imposed by Art. X, Sec 5 of the Con-

stitution, applies because this district, lying in part in each county, fails to meet the description of a school district under either amendment, rests upon a too rigid adherence to the literal phraseology of the two amendments. The constitution and the amendments must be construed together. When this is done, the case is exactly the same as though, by a single amendment, a fifteen per cent debt limitation had been made applicable to any school district in Richland or Lexington Counties.

In construing a constitutional amendment, the primary object of the court is to determine the intention of those who proposed it and of the people who adopted it. *Miller v. Farr,* 243 S. C. 342, 133 S. E. (2d) 838. A strict construction which would frustrate such intention will not be adopted unless demanded by the language of the amendment. *Tindall v. Byars,* 217 S. C. 1, 59 S. E. (2d) 337.

The obvious purpose of the legislature in proposing and of the people in adopting these amendments was to liberalize the opportunity in Richland and Lexington Counties for school districts to secure fiunds through the sale of bonds. The construction adopted by the circuit court effectuates this intention without doing violence to the ordinary meaning of the language of the amendments, when these are read together as an exception to the general limitation imposed by Art. X, Sec. 5.

Affirmed.

Moss, Lewis and Bussey, JJ., concur.