18930

James G. HOLLAND, Jr., a resident and taxpayer of that portion of Lexington County lying within School District No. 5 of Lexington and Richland Counties, the State of South Carolina, individually and representing all other persons similarly situate, and Clifton C. Adams, a resident and taxpayer of that portion of Richland County lying within School District No. 5 of Lexington and Richland Counties, the State of South Carolina, individually and representing all other persons similarly situate, Appellants, v. George D. KILGO, Chairman, David Simon, George Stoudemayer, E. P. Shedd, R. W. Ballentine, R. L. Shealy and M. O. Folk, constituting The Board of Trustees of School District No. 5 of Lexington and Richland Counties, the State of South Carolina, Respondents.

(168 S. E. (2d) 569)

*Lindsay G. Hall, Esq.,* of Batesburg, *for Appellants,*

*Messrs. R. Milo Smith* and *T. H. Rawl, Jr.,* of Lexington, and *Sinkler, Gibbs & Simons,* of Charleston, *for Respond-*

*ents,*

June 10, 1969.

*Per Curiam:*

This case was tried by Judge John Grimball on the basis of the complaint, the answer and stipulations, there being no factual controversy. By order the court refused to enjoin the defendants, constituting the School Board of Trustees, from issuing bonds. The plaintiffs (taxpayers) have appealed to this court.

We are satisfied that the decree of the circuit court correctly sets forth and disposes of al issues raised by the appellants on this appeal. That order shall be reported as the opinion of the court with this amendment for clarification. The last two sentences of paragraph two shall be omitted and the following sentence inserted in lieu thereof:

"The School District thus created includes a portion of Lexington County, formerly known as School District No. 5 of Lexington County, and a portion of Richland County, formerly known as School District No. 6 of Richland County."

The judgment of the lower court is, accordingly,

Affirmed.

## DECREE OF JUDGE GRIMBALL

This action was brought pursuant to the provisions of Sections 10-2001 et seq. of the 1962 South Carolina Code of Laws (The Uniform Declaratory Judgments Act) by a resi-

dent taxpayer of that portion of Lexington County lying within School District No. 5 of Lexington and Richland Counties, the State of South Carolina, (the School District), and a resident and taxpayer of that portion of Richland County lying within the School District. The Plaintiffs bring this action individualy and representing all other persons similarly situate and seek to enjoin the issuance of $2,800,000 general obligation bonds of the School District, as proposed by the Defendant Board of Trustees of the School District.

The parties have stipulated that the School District was organized as a result of joint action by the County Boards of Education of Richand and Lexington Counties, respectively, between January 1st and March 1st, 1952. The School District thus created includes a portion of Lexington County, formerly known as School District No. 5 of Lexington County, and a portion of Richland County, formerly known as School District No. 6 of Richland County.

The parties have further stipulated that the school districts lying wholly within or for the most part within Lexington County are numbered 1, 2, 3, and 4, and that there are only two school districts lying wholly within Richland County, numbered 1 and 2, and the remainder of Richland County is located in School District No. 5 of Lexington and Richland Counties, this latter area being formerly known as "School District No. 6 of Richland County," prior to its consolidation with School District No. 5 of Lexington County as aforesaid.

At issue here is the debt limit applicable to the School District and this question arises as a result of an amendment to the South Carolina Constitution. Article X, Section 5, as originally adopted in 1895, provided, in part, that the bonded debt of any school district "shall never exceed eight per centum of the assessed value of all taxable property therein." However, Article X, Section 5 was amended by a special amendment ratified by an act enacted at the 1969 Session of the South Carolina General Assembly bearing

ratification No. R-3, by the addition of the following proviso:

"*Provided,* that the limitations as to bonded indebtedness imposed by this section shall not apply to the bonded indebtedness of School District No. 5 of Lexington County and School District No. 6 of Richland County and the school districts may incur bonded debt to the extent of not exceeding thirty per cent of the assessed value of all taxable property in their respective districts. Bonded debt incurred by School District No. 5 of Lexington County and School District No. 6 of Richland County within the thirty per cent limitation herein created shall not affect or limit the power of other political subdivisions or municipal corporations, covering or extending over any portion of the territory of the school districts, to incur bonded indebtedness." (The 1969 Amendment.)

The Plaintiffs contend that the districts described in the 1969 Amendment fail to meet the description of the School District, since it refers to two separate school districts, viz. School District No. 5 of Lexington County and School District No. 6 of Richland County; and that the 1969 Amendment provides for the raising of the debt limit of two separate school districts and does not provide for the raising of the debt limit of the School District. The Plaintiffs further contend that the debt limit of the School District is still the 15% debt limit provided for by amendment to Article X, Section 5 of the South Carolina Constitution bearing No. 75 and appearing on page 254 of Volume 16 of the Code of Laws of South Carolina of 1962, as interpreted by the Supreme Court of South Carolina in the case of *Mungo v. Shedd,* 247 S. C. 195, 146 S. E. (2d) 617.

Constitutional amendments should be interpreted in order to effect the purpose for which they are obviously intended. *Tindall v. Byars,* 217 S. C. 1, 59 S. E. (2d) 337. In the *Tindall* case, the amendment under consideration provided that school districts in Chester County should be of such area as the General Assembly or the

County Board of Education may prescribe. The taxpayer in that case urged that the use of the plural "school districts" implied the necessity for more than one district in the County and therefore the amendment did not permit a single county-wide school district. The Supreme Court illustrated the fallacy of the taxpayer's argument by pointing out that the General Assembly, consistent with that argument, might have created two districts, one of an area of one square mile or even less, and a second district of all of the remaining area of the county containing more than five hundred square miles. The Court concluded that such was certainly not within the intendment of the framers of the Constitutional Amendment. On this point, the Court concluded: "* * * it was a proper exercise of the legislative authority contained in the amendment to consolidate the whole area of the county into a single school district. Constitutional amendments are not subject to the strict construction urged by appellant. * * *"

The *Tindal* case is authority for the proposition that the use by the legislature of the term "school districts" in a Constitutional Amendment does not necessarily exclude the term from meaning but one school district. As noted above, the 1969 Amendment provides "* * * the *school districts* may incur bonded debt to the extent of not exceeding 30% of the assessed value of all taxable property in their respective *districts*." (Emphasis added.)

The obvious purpose of the legislature in proposing, and the people in adopting this amendment, was to liberalize the opportunity in that portion of Richland County which heretofore constituted School District No. 6 of said County and that portion of Lexington County heretofore constituting School District No. 5 of said County to secure additional funds for school purposes through the sale of general obligation bonds. The legislature certainly did not intend a nullity, nor was it functioning in a vacuum. To strike down the amendment because the legislature referred to the area involved by the names therefor existing prior to

the 1952 consolidation would, in my opinion, be a too literal and strict construction of the amendment, frustrating its obvious intent. *Tindall v. Byars, supra.*

It is also Plaintiff's contention that the 1969 Amendment to Article X, Section 5 of the Constitution was not properly submitted to the qualified electors of the State as required by Article XVI, Section 1, in that the joint resolutions (No. 840 of the Acts and Resolutions of 1967), which proposed said amendment, provided that it be submitted to the qualified electors of Lexington and Richland Counties only, rather than to the qualified electors of all counties of the State.

Article XVI, Section 1, of the Constitution was amended in 1967 by the addition of the following proviso:

"Provided, that a proposed amendment providing for a change in the bonded debt limitation of a county or any of its political subdivisions shall be voted upon only by the qualified electors of such county."

Plaintiffs argue that since School District No. 5 of Richland and Lexington Counties is not a county nor a political subdivision of a single county, the 1969 Amendment should have been submitted to the vote of all qualified electors of all counties in the State, and not having been so submitted, the 1969 Amendment has not been properly adopted and is therefore a nullity.

In the case of *Mungo v. Shedd,* 247 S. C. 195, 146 S. E. (2d) 617, the Supreme Court had before it the question as to the proper debt limitation of School District No. 5 of Lexington and Richland Counties under the then existing constitutional amendments to Article X, Section 5, of the Constitution. At that time any school district in Richland County was permitted to incur bonded indebtednes up to an amount not to exceed 15% of the assessed value of all taxable property therein, and any school district in Lexington County was permitted to incur bonded indebtedness in an amount not to exceed 20% of the assessed value of all taxable prop-

erty therein. The question was whether or not the School District, lying in both counties and thus not wholly in either county, was restricted to the 8% limitation which applies generally to school districts, or 15% as permitted by the constitutional amendment applicable to Richland County or the 20% as permitted by the constitutional amendment applicable to Lexington County. For purposes of its decision, the Court divided the School District into two portions—that part lying within Richland County and that part lying within Lexington County—and held that the portion thereof lying within Richland County was affected by the amendment imposing a 15% debt limitation, and that the portion thereof lying in Lexington County was affected by the amendment imposing a 20% debt limitation. The Court took the position that the Appellant's contention that the general 8% limitation imposed by Article X, Section 5, of the Constitution applied because the district lying partly in each county failed to meet the description of a school district under either amendment rested upon a too rigid adherence to the literal phraseology of the two amendments, and held that when the Constitution and the amendments were construed together the case is exactly the same as though, by a single amendment, a 15% debt limitation had been made applicable to any school district in Richland or Lexington Counties.

While the 1967 amendment to Article XVI, Section 1 provides that a proposed amendment providing for a change in the bonded debt limitation of a political subdivision of a county shall be voted upon only by the qualified electors of such county, the *Mungo* case is authority for the proposition that for purposes of the decision here, the School District can again be divided into the parts thereof lying within Richland and Lexington Counties and it does no violence to consider such parts as political subdivisions of each of the respective counties so that the vote required by said amendment should have been submitted only to the vote of the qualified electors of the two counties. The fact that a portion of the school district may not lie wholly within a county does

not affect its status as a political subdivision of that county. The obvious intent of this amendment to the Constitution is to submit to county-wide approval any bonded debt limitation which may affect a political subdivision lying within that county.

I therefore hold that the submission to the qualified electors of each of Lexington and Richland Counties separately, of the question of the increase of the bonded indebtedness up to 30% of the assessed value of the taxable property within that portion of the School District in Lexington and Richland Counties respectively was within the purview and intent of the aforesaid 1967 Amendment to Article XVI, Section 1 of the Constitution; it is therefore

Ordered, adjudged and decreed that the right of the Defendants to issue the aforesaid $2,800,000 general obligation bonds of the School District, or so much thereof as shall on the occasion of the issuance of any bonds be within the 30% debt limitation, is hereby confirmed and the injunction sought by the Plaintiff as to the issuance of such bonds is hereby denied.

And it is so ordered.