24035

W. Macon SHEPPARD and Eugene Montgomery, Respondents v. The CITY OF ORANGEBURG, a body politic and corporate, the Orangeburg City Council, its governing body, Martin C. Cheatham, in his official capacity as Mayor of the City of Orangeburg, Bernard Haire, Allen W. Parrott, Marion F. Moore, W. Everette Salley, L. Zimmerman Keitt, and Joyce W. Rheney, in their official capacities as members of the Orangeburg City Council, the Department of Public Utilities of the City of Orangeburg, a department of the municipality of Orangeburg, and T.M. Johnson, Jr., in his official capacity as Manager of the Department of Public Utilities of the City of Orangeburg, Appellants. JONES CABLE INCOME FUND 1-B, LTD., Jones Intercable, Inc., and Terry L. Roberson, Respondents v. The CITY OF ORANGEBURG, a body politic and corporate, the Orangeburg City Council, its governing body, Martin C. Cheatham, in his official capacity as Mayor of the City of Orangeburg, Bernard Haire, Allen W. Parrott, Marion F. Moore, W. Everette Salley, L. Zimmerman Keitt, and Joyce W. Rheney, in their official capacities as members of the Orangeburg City Council, the Department of Public Utilities of the City of Orangeburg, a department of the municipality of Orangeburg, and T.M. Johnson, Jr., in his official capacity as Manager of the Department of Public Utilities of the City of Orangeburg, Appellants.

(442 S.E. (2d) 601)

Supreme Court

*Hamilton Osborne, Jr., Sinkler and Boyd,* Columbia, and *James F. Walsh, Jr.,* Orangeburg, *for appellants.*

*Marshall B. Williams, Williams and Williams,* Orangeburg, *for respondents W. Macon Sheppard* and *Eugene Montgomery.*

*John M.S. Hoefer* and *B. Craig Collins, Willoughby and Hoefer,* Columbia, *David H. Wilkins, Wilkins and Nelson,* Greenville, *for respondents Jones Cable Income Fund 1-B, Ltd., Jones Intercable, Inc.,* and *Terry L. Roberson.*

*Terrell L. Glenn* and *Wilmot B. Irvin, Glenn, Irvin, Murphy, Gray, and Stepp,* Columbia, and *John D. Seiver, Paul Glist,* and *Steven J. Horvitz, Cole, Raywid, and Braverman,* Washington, DC, *for amicus curiae South Carolina Cable Television Ass'n.*

*James E. Bryan, Jr.*, Laurens, *for amicus curiae South Carolina Ass'n of Mun. Power Systems.*

*Roy D. Bates*, Columbia, *for amicus curiae Mun. Ass'n of South Carolina.*

Heard Jan. 15, 1994.

Decided Mar. 21, 1994.

HOWELL, Acting Associate Justice:

The City of Orangeburg (City) contends that the trial judge erred in holding that the City does not have the authority to acquire, construct, and operate a cable television system. We disagree and affirm.

## I. *Facts*

Respondents W. Macon Sheppard and Eugene Montgomery (Sheppard and Montgomery), and Respondents Jones Cable Income Fund 1-B, Ltd., Jones Intercable, Inc., and Terry L. Roberson (Jones) (together Respondents), filed these consolidated actions on September 13, 1991, challenging the City's construction of a cable television system that would operate both within and without the corporate limits of the City. The complaints alleged, among other things, that the City was not authorized under South Carolina law to construct or operate a cable television system. Additionally, the complaints alleged that if the City's operation of cable television was authorized under South Carolina law, the City could not construct or operate a cable television system until approved by the electorate in a referendum pursuant to S.C. Const. art. VIII, § 16.

The Respondents moved for temporary injunctions restraining the City from expending public funds, property, and personnel on the construction and operation of the cable system pending a final determination on the merits of the actions. After a hearing, Respondents' motion for temporary injunction was granted until a public referendum could be held. On January 28, 1992, a public referendum was held and a majority of the electorate voted to authorize the City, through its Department of Public Utilities, to construct, purchase, and operate a cable television system within and without the corporate limits of the City.

On February 3, 1992, the temporary injunction was continued pending a hearing on the merits. At trial, the City argued that its operation of a cable system was authorized by S.C. Const. art. VIII § 16, which allows cities to operate public utilities with voter approval, and S.C. Code Ann. § 5-7-30, which grants to cities the power to engage in recreation functions. The trial judge ruled that cable television is not a public utility for purposes of article VIII, § 16 and that the City's operation of a cable television system was not a recreational activity under section 5-7-30. The City appealed.

## II. *Discussion*

The City first argues that the trial judge erred in holding that cable television is not a public utility for purposes of article VIII, § 16. We disagree.

Article VIII, § 16 provides:

> Any incorporated municipality may, upon a majority vote of electors of such political subdivision who shall vote on the question, acquire by initial construction or purchase and may operate gas, water, sewer, electric, transportation or *other public utility* systems and plants. . . . [Emphasis added.]

Our primary function in interpreting the constitution is to ascertain and give effect to the intention of the Legislature. *Holland v. Kilgo*, 253 S.C. 1, 168 S.E. (2d) 569 (1969). When construing the constitution, the Court applies rules similar to those relating to the construction of statutes. *McKenzie v. McLeod*, 251 S.C. 226, 161 S.E. (2d) 659 (1968). When the Legislature uses words of particular and specific meaning followed by general words, the general words are construed to embrace only persons or things of the same general kind or class as those enumerated. *Cooper River Bridge v. South Carolina Tax Comm'n*, 182 S.C. 72, 188 S.E. 508 (1936). The enumerated utilities in article VIII, § 16 are of the same general kind or class of utilities that provide essential services to the public. Therefore, the words "other public utility" in article VIII, § 16 can only encompass utilities that provide essential services to the public. We do not believe that the value and necessity of cable television is so self-evident that this court should declare that a cable television system provides

an essential service. *See Richland County v. Palmetto Cablevision*, 261 S.C. 222, 199 S.E. (2d) 168 (1973) (cable television does not provide an essential service and is not a public utility under former S.C. Code Ann. § 58-101 (1968)); *Devon-Aire Villas Homeowners Ass'n v. Americable Associates, Ltd.*, 490 So. (2d) 60 (Fla. Dist. Ct. App. 1985) (cable television is not a public utility). Accordingly, we hold that cable television is not a public utility for purposes of article VIII, § 16.

The City next argues that the trial judge erred in holding that it may not construct and operate a cable television system pursuant to its statutory authority to engage in recreation functions under S.C. Code Ann. § 5-7-30 (Supp. 1993). We disagree.

Section 5-7-30 provides:

> Each municipality of the State, in addition to the powers conferred to its specific form of government, may enact regulations, resolutions, and ordinances, not inconsistent with the Constitution and general law of this State, including the exercise of powers in relation to roads, streets, markets, law enforcement, health, and order in the municipality or respecting any subject which appears to it *necessary* and proper for the security, general welfare, and convenience of the municipality or for preserving health, peace, order, and good government in it, including the authority to . . . engage in the *recreation function.* . . . [Emphasis added.]

The City contends that the term recreation refers to "refreshment of body or mind after toil" and "may come from any pleasant and diverting exercise or employment," *Comptroller of Treasury v. M.E. Rockhill, Inc.*, 205 Md. 226, 231, 107 A. (2d) 93, 96 (1954), and, according to this definition, cable television is a recreational activity. Thus, the City would have us hold that section 5-7-30 allows a municipality to engage in any activity described as "a pleasant and diverting exercise or employment." We find that even a liberal construction of section 5-7-30 would not lead to such an absurd result. However plain the ordinary words used in a statute may be, the courts will reject that meaning, when to accept it would lead to a result so plainly absurd that it could not have been intended by the Legislature. *See Stackhouse v.*

*Rowland,* 86 S.C. 419, 68 S.E. 561 (1910). Moreover, we do not find that the supplying of cable television is necessary for the security, general welfare, and convenience of the municipality or for preserving health, peace, order, and good government as required by section 5-7-30.

For the foregoing reasons, we hold that the trial judge did not err in ruling that the City does not have the authority under article VIII, § 16 or under section 5-7-30 to operate a cable television system. Our holding renders it unnecessary to rule on the City's remaining exceptions.

Affirmed.

CHANDLER, Acting C.J., FINNEY and MOORE, JJ., and JASPER M. CURETON, Acting Associate Justice, concur.