Original,
No. 6187.

LEON G. BENTON

·  *v.*

DOVER DISTRICT COURT

February 26, 1971.

*Robert R. Renfro*, for the plaintiff, filed no brief.

*T. Casey Moher*, for the defendant, filed no brief.

PER CURIAM. By this petition the plaintiff seeks relief under the supervisory power of this court ( RSA 490:4 ) from an order of the Dover District Court entered on September 29, 1970, finding the plaintiff in "summary contempt" and sentencing him to six months in the House of Correction. The only record before us of what transpired consists of the sworn petition and an agreed statement of facts consisting of affidavits by two police officers who were present at the proceedings. In the interest of expediting disposition of the petition it was submitted by both parties at the last session without briefs or arguments.

From this record it appears that on September 29, 1970, certain "private" criminal charges against the plaintiff were read in open court and that the plaintiff entered no plea. While he complained during the reading of the complaints that they should be dropped for want of witnesses against him, the conduct for which he was found in contempt occurred during the reading of charges against a co-defendant. The plaintiff objected to restraint against approaching the bench, made obscene remarks to the officer, and finally said: "You should have a kangaroo standing here." When the court inquired what was meant by this remark, Benton responded: "You should have

a kangaroo standing here, this is a kangaroo court. " He was immediately found in contempt and sentenced to the House of Correction for six months and ordered committed. *See Bloom* v. *Illinois,* 391 U.S. 194, 208-10, 20 L. Ed. 2d 522, 532-34, 88 S. Ct. 1477, 1485-487 ( 1968 ).

The petition seeks relief on the ground that the plaintiff was deprived of his right to counsel and not warned of his right to remain silent; and that the district court had no power to sentence him for contempt. From the affidavits, which have not been questioned by the defendant, it appears that the plaintiff was before the court to answer to two or more complaints, at least one of which charged him with a felony, as to which the district court's jurisdiction was limited to the issue of probable cause to bind him over to the superior court. RSA 502-A:11; 502-A:13. The other offenses charged appear to have been misdemeanors within the jurisdiction of the court. Hence we may presume that the plaintiff was faced with the prospect of a probable cause hearing, as well as a trial in the district court, either upon the day in question or later.

RSA 596-A:3( supp. ) was enacted in 1965 and imposed requirements not previously effective. RSA ch. 596. *See State* v. *Chase,* 109 N.H. 296, 249 A.2d 677 ( 1969 ), involving 1957 proceedings. The statute now requires that when a district court causes a complaint to be read to an accused, as was done in this case, it shall inform him of his right to retain counsel and of his right to have a preliminary examination; and that he is not required to make a statement, and that any statement made by him may be used against him. The plaintiff's allegations that he was not advised as the statute requires are not controverted. It appears that the plaintiff was without counsel throughout.

By statute the district court is made a court of record ( RSA 502-A:20 ), and its authority to sentence for contempt is as extensive as that of a municipal court. RSA 502-A:34. *See State* v. *Moquin,* 105 N.H. 9, 191 A.2d 541 ( 1963 ).

In the light of RSA 596-A:3( supp. ) and a consideration of the relative severity of the contempt sentence ( *cf.* RSA 165:19; RSA 169:5 and 35; RSA 495:2; RSA 592-A:15( supp. )) as compared with the gravity of the contemptuous conduct, we are of the opinion that the portion of the sentence already served by the plaintiff constitutes adequate punishment. *See Mayberry* v. *Pennsylvania,* 400 U.S. 455, 27 L. Ed. 2d 532, 91 S. Ct. 499

( 1971 ); *Coleman* v. *Alabama,* 399 U.S. 1, 26 L. Ed. 2d 387, 90 S. Ct. 1999 ( 1970 ); *Illinois* v. *Allen,* 397 U.S. 337, 25 L. Ed. 2d 353, 90 S. Ct. 1057 ( 1970 ). Accordingly the sentence for contempt, to the extent that the term is unexpired, is vacated. It is ordered that the plaintiff be released forthwith from confinement pursuant to the sentence for contempt of the district court.

*So ordered.*