Jaffrey District Court
No. 6372

LARRY KERSEVICH & a.

v.

JAFFREY DISTRICT COURT

December 31, 1974

*J. Raphael Shortlidge,* by brief and orally, for Larry Kersevich and Mark E. Stone.

*William D. Tribble* and *Aaron A. Lipsky (Mr. Tribble* orally), amici curiae, pro se.

PER CURIAM. "Appeal from an order of the Jaffrey District Court" *(Hampsey,* J.) which after a full hearing found the plaintiffs in contempt for violation of the dress requirements of the court and sentenced them each to ten days in the house of correction to be served on weekends. The sentence was suspended during the pendency of this appeal. All questions of law were reserved and transferred to this court. RSA 502-A:17-a (Supp. 1973).

This district court has required parties appearing before it to comply with certain dress restrictions under which male defendants were to be attired in jacket, tie and slacks, except

on occasions when it was established to the satisfaction of the court that the defendant did not own such attire and that it would be a hardship for him to acquire it.

Mark Stone appeared before the court on August 24, 1971, charged with speeding at which time he was dressed in compliance with the court's requirements. His case was continued to August 31, 1971, at the request of the State. On that date Stone was present in court as was Larry Kersevich who was charged with driving with a defective tire. Both cases were continued to September 7, 1971, since neither plaintiff was in compliance with the dress requirements. After ascertaining that plaintiffs did not come within the exception to the rule, the court admonished both of them that on their next appearance the dress requirements were mandatory. They appeared in court twice more not attired as required and were found guilty of contempt on their last appearance. It is agreed that the plaintiffs were aware of the dress rule and that they could comply with it. Their sentences were suspended during the pendency of this appeal.

The district court made the following findings: "Larry Kersevich was cleanly and neatly attired. He wore a sport shirt hanging over flared blue jeans . . . [He] wore shoes and, I believe socks. He did not wear a tie and jacket. Mark Stone was cleanly and neatly attired. He wore slacks with a sport shirt which was hanging over the slacks. He wore tennis shoes without socks and did not wear a tie and jacket . . . ."

Plaintiffs do not challenge the power of the district court to punish for contempt which occurs within its presence. *Benton v. District Court,* 111 N.H. 64, 274 A.2d 876 (1971). Such authority is required to prevent acts or conduct which would obstruct or interfere with the orderly administration of justice. *State v. Moquin,* 105 N.H. 9, 11, 191 A.2d 541, 543 (1963); ABA Standards Relating to the Administration of Criminal Justice, The Function of the Trial Judge § 6.3 (1974). Undoubtedly the district court formulated its dress requirements with the objective of promoting the orderly administration of justice. However, care must be exercised not to impose rigid standards of dress which are not directly related to the needs of judicial administration. 56 Cornell L. Rev. 183 (1971).

The court found that each plaintiff was neatly attired. From its description of their garments, it cannot be held that they were unsuitable, unconventional or inappropriate or that they tended to interfere with the orderly administration of justice. *Peck v. Stone,* 304 N.Y.S.2d 881 (App. Div. 1969). We commend the court's desire to conduct its proceedings with propriety. We disapprove the conduct of the plaintiffs for deliberately disobeying a rule with which they could have complied without great inconvenience. However, we cannot hold on this record that their conduct constituted cause for a finding of summary contempt. Accordingly the finding of contempt and the sentence imposed are vacated.

*So ordered.*