Strafford
No. 82-009

THE STATE OF NEW HAMPSHIRE

v.

RONALD DUMONT

October 12, 1982

*Nadeau Professional Offices*, of Rye (*J. P. Nadeau* on the brief, and *Mark G. Connors* orally), for the defendant.

*Gregory H. Smith*, attorney general (*Peter W. Mosseau*, assistant attorney general, on the brief and orally), for the State.

PER CURIAM. The defendant was charged with the crime of receiving stolen firearms in violation of RSA 637:7, and following conviction the Superior Court (*Souter*, J.) sentenced him to six months of confinement in the Strafford County House of Correction. The sole issue on appeal is whether the trial judge abused his discretion in imposing that sentence.

The defendant asserts that the six-month sentence is dispro-portionate to the offense in violation of the New Hampshire Constitution and violates the defendant's rights under the eighth and fourteenth amendments to the Federal Constitution. The defendant complains that the trial court imposed a "severe" sentence for what it had determined to treat as "a true first offense." He further contends that none of the reasons articulated by the court furnished a rational basis for the court's refusal to suspend the six-month term.

The sentence imposed is clearly authorized by New Hampshire statute. The defendant was convicted of receiving stolen firearms, RSA 637:7, punishable as a class A felony, RSA 637:11 I(b). The punishment authorized for such an offense includes imprisonment for up to fifteen years, RSA 651:2 II(a). The defendant's six-month term, likely to be reduced to four months of actual confinement under RSA 651:18, amounts to one-thirtieth of the possible maximum term. The defendant asserts that because sentences of first offenders receiving stolen property are usually suspended, his sentence likewise should have been suspended.

■■ To violate the New Hampshire Constitution, this court has suggested a sentence must be "grossly disproportionate to the crime." *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980). A jail term of one-thirtieth the maximum authorized sentence cannot, under any circumstances, be said to meet the "grossly disproportionate" standard and thus be held violative of the New Hampshire Constitution. Nor can the present six-month jail term be said to be "grossly disproportionate," "barbarous," or "shocking" within the meaning of the eighth amendment. *See Ingraham v. Wright*, 430 U.S. 651, 666–68 (1977); *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976); *Weems v. United States*, 217 U.S. 349, 368 (1910).

■■ The trial judge stated for the record his reasons for imposing the sentence. *See* Douglas and Barnes, *The Unjust Sentence*, 19 JUDGES' J. 16 (Fall, 1980). Those reasons were: the defendant's age, 35, and presumed maturity, which the trial judge found to be atypical of the ordinary first offender; the defendant's failure to tell the truth on the witness stand; and, the nature of the stolen property received by the defendant, *i.e.*, firearms. Taking only the last of these, it is clear that society's legitimate concern with the public danger of thefts involving firearms increases the need for general deterrence of such offenses, and serves as an adequate justification for imposition of a more severe penalty. Thus, New Hampshire judges have generally dealt more severely with offenses involving firearms. See *State v. Leclair*, 118 N.H. 214, 221, 385 A.2d 831, 835 (1978). We find no abuse of judicial discretion.

*Affirmed.*