Sullivan
No. 81-397

THE STATE OF NEW HAMPSHIRE

v.

STUART C. STONE, JR.

December 8, 1982

*Gregory H. Smith*, attorney general (*Richard C. Nelson*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, of Concord, appellate defender, by brief for the defendant.

DOUGLAS, J.   The defendant appeals his convictions in Superior Court (*Johnson*, J.) of first-degree assault, RSA 631:1 (Supp. 1981), and aggravated felonious sexual assault, RSA 632-A:2 (Supp. 1981). He argues that the sentence imposed, two consecutive terms of seven-and-one-half to fifteen years, was excessive and constituted an abuse of discretion by the trial court. We find no error and affirm.

The defendant, Stuart C. Stone, Jr., was indicted for the aggravated felonious sexual assault and first-degree assault of a former girlfriend. Both charges arose out of a series of events occurring on November 26, 1980. On that evening, the defendant telephoned the victim and asked her to give him a ride. The victim met the defendant and, after taking him to visit some of his relatives, drove him towards the house of one of his friends. While on an isolated stretch of the road, the defendant asked the victim to pull over so that he could relieve himself. When the vehicle stopped, the defendant threw the car keys on the floor behind the front seat and ordered the victim out of the car.

Outside the vehicle, the defendant threatened the victim with a knife. The victim managed to get the knife away from the defendant and to throw it into the woods. She sustained a deep cut to one of the fingers of her right hand during the struggle, however. The defendant attacked the victim, hitting her on the side of the head. He then ripped off the victim's clothes. Repeatedly threatening to kill her, the defendant then forced the victim to her knees, got behind her, and attempted to choke her.

The defendant then went to the trunk of the vehicle and removed a hammer. He repeatedly hit the victim on the arms, legs, and stomach with the hammer. He also forced the handle of the hammer into the victim's vagina several times.

The defendant returned to the vehicle, removed a cement block, and threw it at the victim's head. The victim managed to deflect the cement block with her hand. The defendant then jumped on the victim's rib cage with both knees, grabbed the hammer again, and held it in the air above the victim's head as if he were going to hit her. At that moment, the defendant saw car lights coming down the road, and he fled into the woods.

The defendant was tried by a jury and found guilty on both assault charges. Prior to sentencing, the trial court ordered the defendant to be examined by a psychiatrist, pursuant to RSA 173-A:3 (Supp. 1981), to determine whether he was a dangerous sexual offender. In addition, the New Hampshire Probation Department filed with the court a pre-sentencing evaluation report of the defendant containing its sentencing recommendations. As noted above, the defendant was sentenced to a term of seven-and-one-half to fifteen years on each charge, the sentences to run consecutively. This sentence was unanimously affirmed by the New Hampshire Sentence Review Division of the Superior Court on September 25, 1981. *See* RSA 651:59 (Supp. 1981).

A trial court has broad discretion to determine the duration of a sentence. *State v. Morehouse*, 120 N.H. 738, 742, 424 A.2d 798, 800 (1980). We have consistently recognized that a sentence might be so disproportionate to the crime as to constitute an abuse of discretion, rendering the sentence invalid. *State v. Peabody*, 121 N.H. 1075, 1078, 438 A.2d 305, 307 (1981); *State v. Wentworth*, 118 N.H. 832, 843, 395 A.2d 858, 865 (1978); *see Benton v. Dist. Ct.*, 111 N.H. 64, 65, 274 A.2d 876, 878 (1971). Such an abuse of discretion will also occur if the trial court fails to consider all the relevant factors necessary to the exercise of its discretion. *State v. Streeter*, 113 N.H. 402, 407, 308 A.2d 535, 538 (1973). The defendant bases his appeal on the contention that the trial court abused its discretion in sentencing him to two consecutive terms.

The trial court had for its consideration at the time of the sentencing hearing not only the statutorily required pre-sentence report from the New Hampshire Probation Department, RSA 651:4 (Supp. 1981), but also a report based on an examination of the defendant conducted at the New Hampshire State Hospital, prepared pursuant to the court's order. *See* RSA 173-A:3 (Supp. 1981). In addition, during the sentencing hearing, the court

provided the defendant ample opportunity to correct any alleged errors in the reports, to object to any prejudicial information, and to present any mitigating evidence. After considering the defendant's argument and the facts of this case, we find no abuse of discretion in the sentence imposed.

*Affirmed.*

All concurred.