Hillsborough
No. 82-094

THE STATE OF NEW HAMPSHIRE

v.

HORACE M. GOODRUM, III

January 26, 1983

*Gregory H. Smith,* attorney general (*Brian T. Tucker,* assistant attorney general, on the brief, and *John A. Malmberg,* attorney, orally), for the State.

*James E. Duggan,* appellate defender, of Concord, by brief and orally, for the defendant.

PER CURIAM. The factual setting of this case presents us with the legal question of when a bump, shove, or push becomes force sufficient to constitute robbery, as opposed to the lesser-included offense of theft. We affirm the defendant's conviction of robbery.

Thirteen-year-old Mark Crueger was on his paper route in Nashua. In order to check his customer list, Mark placed his money bag on top of his bag of papers. At this time, he saw two men walking along the sidewalk. One of the men was the defendant, Horace

M. Goodrum, III. Mark then looked down "and suddenly realized I was being knocked off" the curb into the street "and my papers went every place." When the two men, whom he had seen just before being pushed, walked away, he noticed that one of them had the red pencil case in which he stored his change. Mark's first week as a paper boy had resulted in a loss of $22.56.

After a jury trial in Superior Court (*Goode*, J.), the defendant was convicted of robbery, RSA 636:1, and sentenced to one-and-a-half to three years in the State prison. The defendant argues on appeal that the criminal act he committed did not fall within the ambit of the robbery statute.

RSA 636:1, I(a) provides that "[a] person commits the offense of robbery if, in the course of committing a theft, he uses physical force on the person of another and such person is aware of such force . . . ." It is clear that a pickpocket who merely "snatches" a wallet without using force of which the victim is aware has committed a theft but not a robbery. 4 WHARTON'S CRIMINAL LAW § 480, at 68–70 (14th ed. C. Torcia 1981). The Illinois Supreme Court held that that State's robbery statute, which is similar to ours, had not been violated when a purse was grabbed from the victim's fingertips. *People v. Patton*, 76 Ill. 2d. 45, 52, 389 N.E.2d 1174, 1177 (1979). On the other hand, when the victim was holding a money bag in her hand and the defendant grabbed it from her while pushing her into a garage, the force used was sufficient to constitute robbery. *People v. Sherman*, 87 Ill. App. 3d 937, 940–41, 409 N.E.2d 486, 489 (1980), *vacated on other grounds*, 101 Ill. App. 3d 1131, 428 N.E.2d 1186 (1981).

In addition, although RSA 636:1, I(a) does not require injury or actual "fear" of force, it does require that the victim be "aware" of the use of force. The drafters of RSA 636:1 sought to include situations "where the victim is thrown to the ground by the thief but suffers little actual physical injury." REPORT OF COMMISSION TO RECOMMEND CODIFICATION OF CRIMINAL LAWS § 581:1 comment at 59 (1969).

The trial judge properly gave the jury the option of convicting the defendant of mere theft if they did not conclude that an unarmed robbery had occurred. He also commendably gave two examples of fact patterns to clarify the legal elements of the offenses for the jury. The record indicates that the defendant could have been "shoved" or merely "bumped," depending upon which page of the transcript one reads. The jury saw the witnesses, heard their testimony, and judged their demeanor. We cannot conclude that, based upon all of the evidence, reasonable people could not have decided

that the defendant was guilty of robbery, given the fact that the victim ended up being forcibly moved from the sidewalk and falling into the street.

 The defendant also argues that his sentence of a year and a half to three years in prison was an abuse of discretion. Even though we might not have imposed the same sentence upon the defendant, we see no constitutional or legal flaw requiring its reversal. *See State v. Stone*, 122 N.H. 987, 989, 453 A.2d 1272, 1273 (1982); *State v. Dumont*, 122 N.H. 866, 867, 451 A.2d 1286, 1287 (1982). In view of the State prison sentence imposed, the defendant should have thirty days from the date of this opinion to file an appeal with the sentence review division of the superior court. *See* N.H. SUPER. CT. SENTENCE REV. DIV. R. 1.

*Affirmed.*

BROCK, J., did not sit.