Hillsborough
No. 82-137

THE STATE OF NEW HAMPSHIRE

v.

JAMES BEAUPRE

March 24, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, attorney, on the brief and orally), for the State.

*Steven L. Maynard*, of Nashua, by brief and orally, for the defendant.

DOUGLAS, J.  The defendant was tried and convicted by a jury in Superior Court (*Goode*, J.) of first-degree assault, RSA 631:1 (Supp.

1981), and sentenced to an extended term of ten to thirty years in the State prison. RSA 651:6. He appeals his conviction, alleging that the admission into evidence of statements made by him while in police custody was reversible error. We reverse.

The defendant, James Beaupre, was arrested on August 9, 1981, by the Nashua police in connection with an assault upon Stephen Chess during the early morning hours of August 8, 1981. Detective James Brackett of the Nashua Police Department advised the defendant of his *Miranda* rights. The defendant stated that he understood his rights and refused to sign a form waiving those rights. When asked if he wanted to make a statement concerning the assault on the previous day, the defendant informed Detective Brackett that he wished to consult a lawyer.

With Detective Brackett seated beside him, the defendant told the lawyer over the telephone that he had been in a fight and "he did what he had to do, and that he was in a lot of trouble." The defendant arranged to meet the lawyer at the defendant's arraignment the next day. After the defendant hung up the telephone, Detective Brackett asked the defendant, without advising him again of his *Miranda* rights, if he wanted to make a statement about the assault. The defendant said he did not want to make a formal written statement but would give a verbal account of what occurred. Detective Brackett did not explain to the defendant at that time that the oral statement could be used against him.

The defendant then proceeded to explain that the victim, Stephen Chess, started a fight with him and that he pulled a pocket knife in self-defense. The defendant indicated that he had stabbed the victim with the knife but said that he had stopped stabbing him when he was no longer being hit. The knife was never found.

Prior to trial, the defendant moved to suppress the oral statements on the grounds that Detective Brackett failed to inform him of the consequences of making such statements, and that once a defendant had asserted his constitutional right to counsel all custodial interrogation must cease unless the defendant initiates further communication. The trial judge determined that the defendant had made a voluntary, knowing, and intelligent waiver of his *Miranda* rights and ruled the statement admissible. The trial judge also denied the defendant's motion to exclude, as unduly prejudicial, certain photographs of the victim after the stabbing.

The defendant was tried based upon an indictment charging him with "purposely caus[ing] serious·bodily injury to Stephen Chess by stabbing him with a knife in the stomach, chest, face and neck area." *See* RSA 631:1, I (Supp. 1981). A jury convicted him of "purposely or knowingly caus[ing] bodily injury to Stephen Chess by

means of a deadly weapon." *See* RSA 631:1, II (Supp. 1981). After an additional hearing, the trial judge found that the defendant had "manifested exceptional cruelty in the infliction of serious bodily injury on the victim of this crime," *see* RSA 651:6, I(d) (Supp. 1981), and sentenced him to ten to thirty years in prison. *See* RSA 651:6, II(a) (Supp. 1981). This appeal followed.

The first issue raised by the defendant is the admission into evidence of his oral statement which he made while in police custody, after he had talked to his lawyer on the telephone. The admissibility of statements made during police custody after the right to counsel has been invoked is governed by the United States Supreme Court's decision in *Edwards v. Arizona*, 451 U.S. 477 (1981). In *Edwards*, the Supreme Court articulated the following constitutional principle:

> "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights. We further hold that an accused . . . , having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, *unless the accused himself initiates further communication, exchanges, or conversations with the police.*"

*Id.* at 484–85 (emphasis added) (footnote omitted). Although we have ruled upon the admissibility of statements made by an accused during custodial interrogation after he asks to confer with counsel, *see, e.g., State v. Nash*, 119 N.H. 728, 731–33, 407 A.2d 365, 367–68 (1979); *State v. Butler*, 117 N.H. 888, 890–91, 379 A.2d 827, 829 (1977), we have not previously had the opportunity to apply the rule of *Edwards*.

The State argues that Detective Brackett's actions were consistent with *Edwards* because the defendant was not subjected to custodial interrogation when he "volunteered" his statement. The State cites *Rhode Island v. Innis*, 446 U.S. 291 (1980), to support its position. Contrary to the State's contention, the Court in *Innis* held that for *Miranda* purposes "interrogation" does not occur when an accused makes a statement after listening to a conversation between two police officers that was not directed at the defendant. The *Innis* Court concluded:

> "It is undisputed that the first prong of the definition of 'interrogation' was not satisfied, for the conversation between . . . [the two police officers] included no express

> questioning of the respondent. Rather, that conversation was, at least in form, nothing more than a dialogue between the two officers to which no response from the respondent was invited."

*Id.* at 302.

Unlike the conversation between the police officers in *Innis*, Detective Brackett's invitation to the defendant to make a statement was directed expressly to him. The detective's invitation was made with full knowledge that the defendant planned to meet with his lawyer at the arraignment the next day. That Detective Brackett's question was merely a request for the defendant to make a statement and not an inquiry designed to elicit a direct incriminating response does not alter the fact that it was custodial interrogation for the purpose of our *Miranda* analysis.

The State's attempt to have us find a valid waiver by the defendant, notwithstanding our conclusion that he was subjected to custodial interrogation, misinterprets the holding of *Edwards*. Whether the defendant fully understood his *Miranda* rights is immaterial for the very reason that the defendant made his statement *as the result of* custodial interrogation. What *Edwards* requires for a valid waiver is a statement by the accused initiated *solely* by him, without *any* prompting by the police. *Edwards v. Arizona*, 451 U.S. at 484–85; *see Stumes v. Solem*, 671 F.2d 1150, 1157–58 (8th Cir. 1982), *petition for cert. filed*, 51 U.S.L.W. 3025 (U.S. Apr. 30, 1982) (No. 81-2149) (incriminating statements made by defendant after asking to talk to police detective did not fall within *Edwards* exception because of earlier improper police solicitation of incriminating statements).

█ The mandate of *Edwards* is categorical and contradicts the State's assertion that the defendant could have validly waived his rights in "volunteering" a statement in response to Detective Brackett's invitation that the defendant explain the circumstances of the assault. Even if Detective Brackett had explained that the defendant's oral statement could be used against him, such an explanation would have been irrelevant according to *Edwards*. *See* 451 U.S. at 479, 485. Thus, we hold that the trial court erred in admitting the defendant's statement into evidence.

█ The defendant's right to counsel was also violated by the admission into evidence of the defendant's remarks to his lawyer on the telephone which were overheard by Detective Brackett. The detective testified that the defendant was aware of the police officer's presence while he was talking to his lawyer, but that the defendant had not asked him to leave the room. This type of police

conduct interferes with the very essence of the constitutional right to counsel: the right to open and uninhibited communication between lawyer and client. A meaningful exercise of the defendant's right to counsel should not depend upon whether a defendant requests permission to consult privately with his lawyer.

RSA 594:16 (Supp. 1981) establishes one's right to telephone and confer with counsel when reasonable, a right that has existed since 1917, well before the decision in *Miranda. See* 1 R. MCNAMARA, NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 172, at 105 (1980). Failure to allow a "conference" at a reasonable time is a misdemeanor. RSA 594:17 (Supp. 1981). If the police for valid security reasons must remain in the defendant's presence, or do overhear such conversations, the remarks cannot be admitted at trial any more than if the police overhear or eavesdrop on a lawyer's office, because a voluntary relinquishment of the attorney-client privilege has not occurred.

In light of the result of this case, we do not reach the other issues raised by the defendant.

*Reversed and remanded for new trial.*

BOIS, J., dissented; the others concurred.

BOIS, J., dissenting. The opinion of the majority sweeps too broadly, and I accordingly dissent.