Hillsborough
No. 82-128

THE STATE OF NEW HAMPSHIRE

v.

JOHN E. LITTLE

June 17, 1983

*Gregory H. Smith*, attorney general (*Paul Barbadoro*, assistant attorney general, on the brief and orally), for the State.

*Winer, Pillsbury & Bennett*, of Nashua (*David K. Pinsonneault* on the brief and orally), for the defendant.

BOIS, J.   Following a jury trial, the defendant, John E. Little, was convicted of the second degree murder of his wife. *See* RSA 630:1-b. On appeal, he assigns as error the Trial Court's (*Goode*, J.) refusal to give a requested jury instruction: (1) that the jury was to use a subjective test in determining whether sufficient provocation existed to reduce his offense to manslaughter; and (2) that the jury could recommend that the court act with mercy in sentencing. He also questions the court's failure to instruct the jury on the element of malice. We overrule all exceptions and affirm the defendant's conviction.

The record reveals that, prior to the homicide, the defendant and his wife were having marital difficulties and had been living apart

for several weeks. During this period, the defendant visited his estranged wife nearly every day in an attempt to effect a reconciliation. There was evidence that on several occasions he had made threats to kill her, and that a few days prior to the homicide, he had told a friend, while making stabbing motions with his hand, that: "If I can't have her nobody's going to have her."

The defendant testified that on March 16, 1981, he awakened with the intent of killing his wife and that, while he was not thinking clearly, he was neither drunk nor out of control with rage. He stated that he placed a kitchen knife in his coat pocket and went to his wife's house intending to kill her. The meeting with his wife was quiet and calm and, at first, uneventful. He admitted that they had no argument and that he was not in a state of uncontrollable anger. He further testified that he went into another room to look for his wedding band and that after his wife said "You think you can go into any room in my house," his mind snapped, and he then stabbed her to death.

In an apparent suicide attempt, the defendant inflicted a nonfatal stab wound upon himself. Shortly thereafter, he went to a neighbor's house and calmly announced that he had killed his wife "[b]ecause she didn't love me anymore."

The defendant was indicted for second degree murder. At the close of the evidence, the court instructed the jury on the elements of second degree murder and of the lesser-included offense of manslaughter. *See* RSA 630:2 (Supp. 1981). As previously mentioned, the jury found him guilty of second degree murder.

The requested instruction, which was denied by the trial judge, and upon which the defendant now focuses on appeal, reads as follows:

> "In making your determination of whether the provocation in this case is sufficient to find the defendant guilty of manslaughter rather than second degree murder, ordinary human nature, or the nature of a man of fair, average mind, and disposition, should be taken as a standard, unless you find that the defendant is shown to have some peculiar weakness of mind or emotion not arising from wickedness of heart.
>
> You have the right to recommend to this court that it act with mercy in sentencing the defendant."

The defendant argues that when the jury deliberated as to whether he was guilty of the lesser-included offense of manslaughter, it should have been permitted to use a subjective test in considering whether he was "under the influence of extreme mental or

emotional disturbance caused by extreme provocation," as required by the manslaughter statute, RSA 630:2 (Supp. 1981). The trial court instructed the jury that the test whether evidence of extreme provocation is legally sufficient to reduce murder to manslaughter is one of reasonableness. The court also instructed the jury that it should consider all the surrounding facts and circumstances in determining, as a question of fact, whether the provocation was sufficient to induce extreme mental or emotional disturbance in a reasonable man.

■■ A review of the trial court's instruction reveals that it comports with our recent holding in *State v. Smith*, 123 N.H. 46, 49, 455 A.2d 1041, 1043 (1983), wherein we recognized the continuing validity, under the Criminal Code, of the common-law rule which measures provocation under a reasonable-person standard. *See generally* W. LaFave & A. Scott, Handbook on Criminal Law § 76, at 573 (1972). According to this rule, provocation is adequate only if it is so severe or extreme as to provoke a reasonable man to commit the act. *Id.*; 2 Wharton's Criminal Law § 155, at 241–42 (14th ed. C. Torcia 1979). In light of our continued adherence to the common-law rule, we find no error in the trial court's instruction.

■ The defendant next asserts that the trial court should have instructed the jury that it could recommend mitigation in sentencing. He categorically makes this bald proposition in three different ways, but fails to cite any supporting case law, statutory authority, or scholarly discussion. We dispose of his argument simply by noting the well-established rule that sentencing is a matter falling within the sound discretion of the trial court, rather than within the province of the jury. *See State v. Morehouse*, 120 N.H. 738, 742–43, 424 A.2d 798, 800 (1980); *see also State v. Stone*, 122 N.H. 987, 989, 453 A.2d 1272, 1273–74 (1982); *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980).

The defendant also argues, again without support, that his sentence, thirty-six years to life in the State prison, constituted plain error. Although the sentence review board reviewed and affirmed the sentence, the defendant claims that the board's decision should be disregarded because it was made without the benefit of the trial transcript.

■ The sentence imposed by the court was greater than that recommended by the State, but well within the limits permitted by RSA 630:1-b, II, which states that second degree murder "shall be punishable by imprisonment for life or for such term as the court may order." As we have noted above, our case law makes it clear

that sentencing falls within the sound discretion of the trial court, and on appeal we will not disturb a sentence unless it was grossly disproportionate to the crime. *Id.* at 499, 416 A.2d at 1386; *State v. Wentworth*, 118 N.H. 832, 843, 395 A.2d 858, 865 (1978).

In view of the violent nature of the defendant's crime and all the circumstances presented to us by the record herein, we hold that the sentence was not excessive, and we refuse in this case to tamper with the discretion of the sentencing judge. *See State v. Darcy*, 121 N.H. 220, 225–26, 427 A.2d 516, 519–20 (1981); *State v. Fraser*, 120 N.H. 117, 123, 411 A.2d 1125, 1129 (1980). Furthermore, as the State correctly points out in its brief, the defendant could have presented to the sentence review board any evidence which was available to the sentencing judge, and we will not disregard the board's decision where the defendant failed to present a trial transcript.

As a final matter, the defendant argues that the trial court should have instructed the jury on malice. The record, however, discloses that the defendant never requested such an instruction and, in addition thereto, failed to object or except to the judge's charge on this ground. Consequently, any complaints that he might have as to this aspect of the court's jury instructions are deemed waived. *State v. Lister*, 122 N.H. 603, 607–08, 448 A.2d 395, 398 (1982); *State v. Cass*, 121 N.H. 81, 82–83, 427 A.2d 1, 2–3 (1981). In reaching this result, we by no means imply that the instruction suggested by the defendant was appropriate or that it should have been given if requested.

*Affirmed.*

All concurred.