Hillsborough
No. 82-174

THE STATE OF NEW HAMPSHIRE

v.

RONALD A. SWEENEY

December 30, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, attorney, on the brief and orally), for the State.

*Nix & Wendell*, of Manchester (*Grenville Clark, III*, on the brief and orally), for the defendant.

BROCK, J. The defendant, Ronald A. Sweeney, was convicted in Hillsborough County Superior Court on a charge of possession of cocaine. In this appeal, he excepts to the admission of certain evidence at trial and to the severity of his sentence. He also argues that the evidence was insufficient to prove each element of the possession of cocaine charge beyond a reasonable doubt. We find no error and affirm the defendant's conviction.

In October 1981, the Nashua Police Department received information from the Federal Drug Enforcement Administration (FDEA) that the United Parcel Service (UPS) had intercepted and turned over to the FDEA a box addressed to the defendant, a Nashua resi-

dent. The FDEA found that the box contained 13 grams of a white powder which tested positively for cocaine. The powder was in a plastic bag which had been concealed in a baby powder container, one of several articles in the box. The FDEA turned the box over to the Nashua police. The police removed all but one gram of cocaine from the box, repacked it, and arranged to have UPS deliver it to the defendant under police observation. A UPS employee delivered it to the defendant while he was standing in front of his apartment building.

As soon as the defendant accepted the package, Detective Hamel, the officer in charge of the investigation, executed an affidavit reciting the above facts and obtained a search warrant from the Nashua District Court (*Pantelas*, J.). The warrant authorized a search of the apartment rented and occupied by the defendant for the cocaine, the plastic bag, the baby powder container, and the box.

With the warrant in hand, Detective Hamel and other officers went to the defendant's apartment and were admitted by him. An officer discovered the box in the defendant's bedroom. He also found that the box had been opened and that the bag with the cocaine in the baby powder container had apparently been removed and then replaced, since the bag's position was different from that in which the police had repacked it. On being informed of these facts, Detective Hamel arrested the defendant.

At approximately the same time the box was found, another detective involved in the search discovered a small box, marked "RELOAD SCALE" and containing a scale, in a kitchen closet. The box and scale were later offered as evidence at the defendant's trial. Also offered as evidence was a statement in the form of a question asked by the defendant just after the police had entered his apartment. While the defendant was reading the search warrant, and before he was placed under arrest, Detective Hamel informed him of his *Miranda* rights, *see Miranda v. Arizona*, 384 U.S. 436 (1966), and asked if he understood them, to which defendant replied, "Is this for the package that was just delivered?"

The defendant was indicted by a Hillsborough County Grand Jury under RSA 318-B:26, I(b) (Supp. 1981) for possession of a narcotic drug, cocaine. Prior to his trial in the superior court, he moved to suppress all evidence removed from his apartment, any photographs taken during the search, and the statement he had made to Detective Hamel. The court suppressed one piece of evidence which is not at issue, but denied the motion as to everything else.

At trial, the box and its contents, the scale, and the defendant's statement were introduced into evidence. Detective Hamel also testified that before the defendant received the box, the police had

dusted the baby powder container with a powder that is visible only under ultraviolet light. The powder would normally be transferred to the hands of anyone touching the container. A test of the defendant's hands indicated that he had handled the baby powder container.

The jury returned a guilty verdict. Although the probation department recommended imposition of a fine, the Trial Court (*Goode*, J.) sentenced the defendant to a term of three to six years in the State prison. A three-judge sentence review board unanimously affirmed the sentence.

■ On appeal, the defendant concedes that the warrant, with its supporting affidavits, was valid insofar as it permitted a search of his apartment for the articles mentioned. He argues, however, that the affidavits did not provide probable cause to *arrest* him, since they did not establish a sufficient likelihood that he was in *knowing* possession of narcotic drugs. Regardless of the merits of this argument, it is not germane to this case. The record makes it clear that the defendant was not arrested pursuant to a warrant, but as a result of the discovery in his bedroom of the box containing cocaine. The altered condition of the box provided ample support for a belief that the defendant knew the cocaine was there. It was therefore "sufficient to warrant a man of reasonable caution and prudence to believe that the arrestee [had] committed an offense." *State v. Stevens*, 121 N.H. 287, 290, 428 A.2d 1241, 1243 (1981); *see also* RSA 594:10, II.

■ The defendant argues that his statement to the police was inadmissible, absent an express finding by the court that he had waived his *Miranda* rights before making it. *Miranda* safeguards are not required unless "a person in custody is subjected to either express questioning or its functional equivalent." *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980); *see State v. Beaupre*, 123 N.H. 155, 459 A.2d 233 (1983). Although the trial court found "beyond a reasonable doubt that the statement was knowingly, understandingly, and voluntarily made," such a finding was not essential to its decision that the statement was admissible. It is settled law that "police words or actions 'normally attendant to arrest and custody' do not constitute interrogation" within the meaning of *Miranda. South Dakota v. Neville*, 103 S. Ct. 916, 923 n.15 (1983) (quoting *Rhode Island v. Innis, supra* at 301). The circumstances of the instant case clearly bring it within this rule. We accordingly hold that, because *Miranda* has no application to this situation, the statement was properly admitted.

 The trial court also determined that the scale found in the utility closet was "discovered during a search with a warrant and as a practical matter such evidence was observed either prior to the discovery of the specified object or so nearly contemporaneously with its discovery so as to render the plain view seizure permissible." This ruling is consistent with the "plain view" doctrine set out in *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971); *see State v. Slade*, 116 N.H. 436, 438, 362 A.2d 194, 196 (1976). The testimony describing the scale's discovery provides ample support for the court's ruling on this matter.

 To obtain a conviction under RSA 318-B:26, I(b), the State must "prove beyond a reasonable doubt (1) that the defendant had knowledge of the nature of the drug, (2) that he had knowledge of its presence in his vicinity and (3) that he had custody of the drug and exercised dominion and control over it." *State v. Comeau*, 114 N.H. 431, 434, 321 A.2d 590, 592 (1974). The evidence in this case, including the testimony describing the altered condition of the bag with the cocaine and the fluorescent powder on the defendant's hands, was sufficient for a reasonable jury to find that the State had met its burden of proof as to each element of the charge.

 Finally, we find no merit in the defendant's argument that the sentence of three to six years in the State prison was grossly disproportionate to the crime and an abuse of discretion. The three-year minimum term is less than half of the longest term permitted by the statute. RSA 625:9, III(a)(2). In addition to the evidence presented at trial regarding the quantity of cocaine involved and the presence of the scale, the sentencing judge could properly have considered other evidence—including testimony at the suppression hearing that other drugs were found in the defendant's apartment and hearsay information (concerning drug dealing by the defendant) presented by the State at the sentencing hearing—in order to determine what sentence would be "suited to [the defendant's] particular character and potential for rehabilitation. . . ." *State v. Ferbert*, 113 N.H. 235, 237–38, 306 A.2d 202, 204 (1973) (quoting *Gregg v. United States*, 394 U.S. 489, 492 (1969)); *Williams v. New York*, 337 U.S. 241, 246–47 (1949).

 The fact that this was the defendant's first offense does not necessarily call for a much reduced sentence, since the statute provides more severe penalties for repeat offenders. RSA 318-B:26, I(b)(1) (Supp. 1981). Regardless whether a lesser sentence could be imposed, the record would not support a finding that the sentence imposed here was so excessive as to constitute an abuse of discretion.

*See State v. Little*, 123 N.H. 433, 437, 462 A.2d 117, 119 (1983). Nor is there such a great imbalance between the gravity of the offense and the harshness of the penalty as to make the sentence "grossly disproportionate" and in violation of either the United States or the New Hampshire Constitutions. *Solem v. Helm*, 103 S. Ct. 3001 (1983); *State v. Little supra.*

*Affirmed.*

SOUTER, J., did not sit; the others concurred.