Hillsborough
No. 86-389

THE STATE OF NEW HAMPSHIRE

v.

JAMES BEAUPRE

July 10, 1987

*Stephen E. Merrill,* attorney general (*John S. Davis,* attorney, on the brief), by brief for the State.

*Joanne Green,* assistant appellate defender, of Concord, by brief for the defendant.

### MEMORANDUM OPINION

The defendant in this first-degree assault case challenges, on the ground of double jeopardy, the Superior Court's (*Goode,* J.) denial of the defendant's motion to dismiss his indictment. We affirm.

James Beaupre was previously tried on an indictment which charged that he "purposely cause[d] serious bodily injury to Stephen Chess by stabbing him with a knife in the stomach, chest, face and neck area." *See* RSA 631:1. RSA 631:1 creates the offense of first degree assault, which may be committed in different ways. *See State v. Kiluk,* 120 N.H. 1, 5, 410 A.2d 648, 650 (1980). Beaupre was tried under a single indictment interpreted, without objection by counsel, as charging each alternative. A special jury verdict form was utilized under which the defendant was acquitted under paragraph I of RSA 631:1, but convicted under paragraph II. His conviction was subsequently reversed because of the introduction of inadmissible evidence. *See State v. Beaupre,* 123 N.H. 155, 459 A.2d 233 (1983).

The State now seeks a retrial under RSA 631:1, II, and the defendant claims that this violates the prohibition against double jeopardy. U.S. CONST. amend. V; N.H. CONST. pt. I, art. 16. We disagree.

■■ As originally indicted, the defendant could properly have been convicted under RSA 631:1, II for purposely causing serious bodily injury to another by means of a deadly weapon. There is no doubt that the defendant's former conviction was erroneous, but a former prosecution as such does not support a defense of double jeopardy where the defendant's conviction was reversed at his instigation. *Cf. State v. Siel,* 122 N.H. 254, 258, 444 A.2d 499, 502 (1982); *Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 308 (1984).

*Affirmed.*