**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0009, <u>State of New Hampshire v. Vincent R. McGinity</u>, the court on November 18, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Vincent R. McGinity, appeals the sentence imposed upon him by the Superior Court (<u>Bornstein</u>, J.) as a result of his conviction, following a jury trial, on a charge of theft of a firearm. <u>See</u> RSA 637:3 (2007); RSA 637:11, I (Supp. 2014). He contends that the trial court "fail[ed] to consider individualized sentencing factors in determining <u>whether</u> to impose incarceration." (Emphasis in original.) We note at the outset that the defendant does not challenge his conviction or the length of his sentence; he challenges only the trial court's decision to require him to stand committed for a portion of his sentence.

The State Constitution requires the trial court to consider several objective factors before imposing any sentence, including whether the sentence imposed will meet the traditional goals of sentencing – punishment, deterrence and rehabilitation. <u>State v. Willey</u>, 163 N.H. 532, 541 (2012). There is no constitutional right or requirement that a sentence be rehabilitative. <u>State v. Darcy</u>, 121 N.H. 220, 225 (1981). Although in a particular case imprisonment may not be required to deter a particular defendant, general deterrence and public confidence in the justice system are also important considerations. <u>Id</u>. Society's legitimate concern with the public danger of thefts involving firearms increases the need for general deterrence of such offenses and serves as an adequate justification for imposition of a more severe penalty in such cases. <u>State v. Dumont</u>, 122 N.H. 866, 868 (1982).

We review sentencing decisions under our unsustainable exercise of discretion standard. <u>State v. Littlefield</u>, 152 N.H. 331, 357 (2005). When we determine whether a ruling made by a judge is a proper exercise of judicial discretion, we are deciding whether the record establishes an objective basis sufficient to sustain the discretionary judgment made. <u>State v. Lambert</u>, 147 N.H. 295, 296 (2001). To show that the trial court's decision is not sustainable, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. An unsustainable exercise of discretion will occur if the trial court fails to consider all the relevant factors necessary to the sentencing decision. <u>Littlefield</u>, 152 N.H. at 357-58.

In this case, the defendant urged the trial court to accept the Department of Corrections' (DOC) recommendation that he be sentenced to the state prison for two-and-a-half to five years, all suspended for five years, with three years of probation. The trial court, however, sentenced him to twelve months in the house of corrections, with six months of the term suspended, and one year of probation. The trial court "considered the mitigating factors," including that the defendant had "absolutely no criminal record," had a "good job," and had been "otherwise a solid citizen in the community." However, it weighed them against its conclusion that "having no stand-committed time would send the wrong message generally and would not promote the goals of punishment and general deterrence."

The defendant argues that the trial court erred by "employing a rigid sentencing policy based solely on the underlying offense." However, the trial court did not impose a sentence that even approached the maximum allowable sentence. The trial court considered the suspended state prison sentence recommended by the DOC and the defendant and concluded that the defendant was "not the kind of person that . . . belongs in state prison." Accordingly, the trial court set the length of the sentence at less than half that recommended by the DOC, while requiring the defendant to stand committed for six months of the reduced house of corrections sentence. The defendant concedes that "the fact that the court sentenced [him] to six months incarceration rather than . . . a number of years, demonstrates that it considered [a broad range of sentencing factors] in determining the amount of incarceration." However, he contends that the trial court failed "to consider individualized sentencing factors in determining whether to impose incarceration." (Emphasis in original.) Because the legislature has not required every person convicted of theft of a firearm to stand committed for a period of time, the defendant asserts that the trial court may not impose such a requirement.

The defendant points to nothing in the record establishing that the trial court routinely imposes stand-committed time for this offense or that the trial court "refused to consider more lenient sentences within the statutorily authorized range of sentences" in this case. To the contrary, the record shows that the trial court considered the DOC's recommended sentence and concluded that it did not fit the individualized factors in this particular case.

The defendant argues that the trial court "offered only two justifications for its decision to impose incarceration in the first place" and that "[b]oth of these justifications would apply to all defendants convicted of theft of a firearm." (Emphasis in original.) However, the defendant does not cite, nor are we aware of, any authority requiring the trial court to articulate all the factors that it considers when determining whether to require a defendant to stand committed. See State v. Addison, 165 N.H. 381, 443 (2013) (we assume trial court made all findings necessary to support its decision). Furthermore, the trial court's reasoning reflected the fact that the defendant was convicted of stealing a

firearm, which generally justifies a more severe penalty, see <u>Dumont</u>, 122 N.H. at 868, and the importance of general deterrence and public confidence in the system, see <u>Darcy</u>, 121 N.H. at 225.

The defendant argues that "the court's 'send [a] message' rationale amounts to a rigid and inflexible policy." (Bracket in original.) We disagree. The record does not establish that the trial court applied this "policy" in other cases. Furthermore, the defendant concedes that the trial court was entitled to consider general deterrence when determining sentencing. <u>See id</u>. To the extent that the defendant argues that his situation would not deter others from committing this type of crime because he "acted to <u>take</u> the firearm from a dangerous individual, not to give it to one," we note that he does not challenge his underlying conviction.

We conclude that the record establishes an objective basis sufficient to sustain the discretionary judgment made.

<u>Affirmed</u>.

Dalianis, C.J., and Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,<br>Clerk**