Grafton
No. 80-003

THE STATE OF NEW HAMPSHIRE

v.

RUSSELL THAXTON

August 21, 1980

*Gregory H. Smith,* acting attorney general (*Michael A. Pignatelli,* attorney, on the brief) for the State.

*Kenneth E. Ryan,* of Lebanon, by brief for the defendant.

DOUGLAS, J.   The issues in this burglary case, RSA 635:1, are whether the State proved that the defendant intended to commit a crime when he entered the burglarized premises, and whether he was privileged to enter.

The following evidence was adduced at trial. On the morning of November 6, 1978, Mary Gould left her home to go to work. When she returned she discovered that certain property, valued at $3,500, was missing. The police and Mrs. Gould determined that the intruder, or intruders, had entered eight rooms, had removed a checkbook from a desk in the study and torn some checks out, and had ransacked a cedar chest in the study. A subsequent expert examination disclosed that one of the checks found in the study bore the defendant's fingerprints. The police obtained a warrant and searched an apartment shared by the defendant and Charles Gould, the victim's son. They found several of the missing items in Mr. Gould's bedroom and in the common living room.

The police arrested the defendant and charged him with burglary. He waived jury and had a trial before *Johnson,* J. At the conclusion of the State's case, the defendant moved for a directed verdict. The court denied the motion, the defense rested without offering evidence, and the court found the defendant guilty of burglary. A subsequent motion to set aside the verdict was denied. The defendant excepted to and now appeals the court's denial of his motion for directed verdict.

The relevant portion of our burglary statute reads as follows:

"[RSA] 635:1 *Burglary.*
I. A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied section thereof, with purpose to commit a crime therein,

unless the premises are at the time open to the public or the actor is licensed or privileged to enter. . . ."

The defendant's first argument is that the State failed to prove that the defendant entered Mrs. Gould's home with the intent to commit a crime. In support the defendant contends that the only evidence offered relevant to intent was the defendant's fingerprints on the check in the study. We disagree. It is true that the State did not bury the defendant under an avalanche of circumstantial evidence. It did, however, put on evidence tending to show that the defendant and Charles Gould went to Mrs. Gould's home at a time when she was not ordinarily at home, that eight rooms were entered and searched, that the defendant opened the victim's personal desk in the study and removed certain checks, and that a cedar chest in that same study was ransacked. The State also showed that the stolen items were later found in the defendant's apartment. We are satisfied that the State presented sufficient evidence on the question of criminal intent to survive a motion for directed verdict. *See State v. Rullo*, 120 N.H. 149, 412 A.2d 1009 (1980); *State v. Wills*, 107 N.H. 107, 218 A.2d 47 (1966).

The defendant's second and final argument is that the State failed to prove that the defendant was not privileged to enter Mrs. Gould's home. The thrust of his position is that he had visited Mrs. Gould on two or three occasions in the company of Charles Gould and that he had no reason to believe that he was not welcome in the house as long as Charles accompanied him. This argument misapprehends the concept of privilege as it relates to burglary.

Several cases have held that burglary is not committed if the defendant involved is, as a member of the public, invited to enter for commercial reasons. *See, e.g., Macias v. People*, 161 Colo. 233, 421 P.2d 116 (1966). Other similar cases have involved close companions of the victim who could come and go as they pleased, *Davis v. Commonwealth*, 132 Va. 521, 110 S.E. 356 (1922), lessees, *State v. Starkweather*, 89 Mont. 381, 297 P. 497 (1931), and boarders, *State v. Moore*, 12 N.H. 42 (1841). We are convinced that at common law a person is "privileged," within the meaning of a burglary statute, if he may naturally be expected to be on the premises often and in the normal course of his duties or habits. We have no reason to suppose that the legislature intended that the word "privilege," as used in RSA 635:1, should bear other than its common-law meaning. *Silva v. Botsch*, 120 N.H. 600, 420 A.2d 301 (1980). The defendant was not "privileged" to enter Mrs. Gould's home when she was not there, whether or not accompanied by her

son, merely because he had visited the home previously. Further, a person who *is* privileged may still commit burglary if he enters at a time when he would not reasonably be expected to be present or if he goes into a room as to which his privilege does not extend. *See People v. Sears*, 44 Cal. Rptr. 330, 401 P.2d 938 (1965); *People v. Azevedo*, 32 Cal. Rptr. 748, 218 Cal. App. 2d 483 (1963). Certainly the defendant had no privilege to enter when Mrs. Gould was not at home.

■ Under the circumstances in this case, the trial court correctly determined that the State proved that the defendant was not privileged. Furthermore, the State's evidence, considered as a whole, was sufficient to persuade a rational trier of fact that the defendant committed burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *see State v. Houle*, 120 N.H. 160, 412 A.2d 736 (1980).

*Exception overruled; affirmed.*

All concurred.