Merrimack
No. 80-453

## THE STATE OF NEW HAMPSHIRE

v.

## JERRY WAYNE BEAUPRE

November 20, 1981

*Gregory H. Smith*, attorney general (*Michael A. Pignatelli*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, of Concord, and *Frank J. Sylvia*, of Hillsboro, by brief and orally, for the defendant.

KING, C.J.   This is an appeal from a conviction in the Merrimack County Superior Court, and the only issue presented is whether the Trial Court (*Batchelder*, J.) erred in imposing a sentence greater than that imposed by the Henniker District Court (*Greenhalge*, J.). We affirm.

On March 1, 1980, at approximately 1:00 a.m., while driving on Route 9-202, the defendant, Jerry Wayne Beaupre, lost control of his automobile. The vehicle went off the road and flipped over several times. The accident caused injury to at least two persons. The police officer who arrived at the scene of the accident charged the defendant with driving while intoxicated (DWI).

The defendant was found guilty of DWI after a trial in the district court. The court fined him $200 and ordered a 60-day loss of license. The defendant then exercised his right to a trial de novo in the superior court. After trial, he was found guilty and sentenced. Stating as its reasons the facts of the case and policy considerations, the superior court increased the fine to $500 and ordered the loss of license extended to ten months.

■   In *State v. Wheeler*, 120 N.H. 496, 416 A.2d 1384 (1980), this court stated that "whenever the superior court, after a trial de novo, *substantially* increases a sentence imposed by the lower court, the record must reflect the reasons for the change." *Id.* at 499, 416 A.2d at 1386. In *Wheeler* the defendant's fine was increased from $150 to $750. Although the sentence increase in this case may not be substantial, we will assume *arguendo* that the increase falls within the *Wheeler* rule.

■   The trial court stated that the increase was imposed because of the specific facts of the case and policy considerations regarding DWI offenses. The facts of the case, as presented to the superior court, were sufficiently different from those stated in the lower court to justify the increased sentence. For the first time, a witness testified that the defendant, at high speed, barely missed hitting him while both the witness' vehicle and the defendant's vehicle were traveling along Route 9-202. Just after the incident with the witness, the defendant's vehicle swerved off the road and crashed. The additional facts emphasizing that the defendant's conduct subjected innocent persons to potential injury clearly justified the increased sentence imposed by the superior court.

■ We cannot agree with the defendant that the superior court's emphasis on policy considerations as its reason for increasing the sentence violates the rule in *Wheeler*. In *Wheeler*, we did not state what reasons were necessary for an increased sentence, but only that some reasons were necessary. *State v. Wheeler*, 120 N.H. at 499, 416 A.2d at 1386. The superior court in this case stated sufficient reasons for its decision.

■■ We also disagree with the defendant's argument that the possibility of an increased sentence after a trial de novo chills a defendant's exercise of his right to such a trial. In *North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969), the United States Supreme Court stated its concern that increased sentences after a successful appeal should not reflect the trial court's vindictiveness. The court, however, refused to extend this concern to trials de novo. *Colten v. Kentucky*, 407 U.S. 104, 116 (1972); *see Ludwig v. Massachusetts*, 427 U.S. 618, 627 (1976). The mere possibility that the defendant will receive an increased sentence, after a trial before a court not involved in the original trial, does not violate a defendant's due process rights. *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973); *see Blackledge v. Perry*, 417 U.S. 21, 27 (1974).

■ This court has adopted the reasoning in *Colten* and has stated that increased sentences restrict due process rights only where there is "a realistic likelihood" of an increase resulting from vindictiveness. *State v. Koski*, 120 N.H. 112, 116, 411 A.2d 1122, 1125 (1980). Because "[t]he trial de novo represents a completely fresh determination of guilt," *Colten v. Kentucky*, 407 U.S. at 117, vindictiveness will not be assumed to be the reason for an increased sentence. *State v. Koski*, 120 N.H. at 116, 411 A.2d at 1125.

■ We conclude that because there was no allegation or proof of vindictiveness, and because there were reasons justifying an increased sentence, the superior court's sentence was proper.

*Affirmed.*

BATCHELDER, J., did not sit; the others concurred.