Grafton
No. 81-245

THE STATE OF NEW HAMPSHIRE

v.

RUSSELL R. THAXTON

December 30, 1982

*Gregory H. Smith,* attorney general (*James D. Cahill, III,* attorney, on the brief and orally), for the State.

*Mullaly & Trunzo,* of West Lebanon (*Richard E. Mullaly* on the brief and orally), for the defendant.

BROCK, J. The defendant appeals his conviction for simple assault under RSA 631:2-a (Supp. 1981). We affirm.

In February 1981, while an inmate at the Grafton County House of Correction, where he was serving a sentence for a previous burglary conviction, the defendant became involved in a disturbance resulting from his refusal to enter his cell when ordered to do so. After a State trooper and two correctional officers had placed him in his cell, the defendant pushed the trooper out of the cell and spat in the trooper's face. The trooper filed a misdemeanor complaint against the defendant in the Haverhill District Court where *McKenna,* S.J., found the defendant guilty of simple assault and sentenced him to confinement for ninety days, to be served consecutively to the term he was already serving for his burglary conviction.

The defendant appealed to the superior court for a *de novo* trial. The case came before *Johnson,* J., who had also presided at the defendant's trial on the burglary charge. The defendant had

unsuccessfully appealed his burglary conviction to this court, *State v. Thaxton*, 120 N.H. 526, 419 A.2d 392 (1980), and later filed a petition seeking a writ of habeas corpus in the United States District Court for the District of New Hampshire. This federal action was still pending at the time of his trial for simple assault in superior court.

At the close of the evidence in the assault trial, the trial court instructed the jury on the defense of self-defense. The defendant's counsel made a general objection to the instruction, on the ground that the trial court refused to use his requested instructions on the use of reasonable force in self-defense. The jury found the defendant guilty of simple assault, and the trial court sentenced him to one year in the house of correction, with nine months suspended, the sentence to be served consecutively to the burglary sentence; a fine of $1,000; and probation for one additional year. The court explained that it was increasing the defendant's sentence because it found that the defendant's conduct had been "reprehensible" and "inexcusable." *See generally State v. Beaupre*, 121 N.H. 1013, 1014, 437 A.2d 301, 301 (1981); *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980).

The defendant argues on appeal: (1) that the reasons given by the superior court for imposing a harsher sentence than that of the district court were insufficient; (2) that the exercise of his right to appeal his district court conviction to the superior court was chilled because of his fear of judicial vindictiveness; and (3) that the trial court's instruction on self-defense constituted reversible error because it removed a factual determination from the jury, thereby effectively precluding the defendant from relying on the defense of self-defense.

■■ We have recently stated that, whenever the superior court, after a trial *de novo*, substantially increases a sentence imposed by the district court, the record must reflect the reasons for the change. *State v. Beaupre*, 121 N.H. at 1015, 437 A.2d at 302; *State v. Wheeler*, 120 N.H. at 499, 416 A.2d at 1386. We find that the superior court stated such reasons in this case. The evidence presented before the superior court at the time of the defendant's jury trial indicates that he forcibly resisted the State trooper's order to return to his cell, shouted obscenities at the State trooper, and spat in his face, once he was back in the cell. After hearing this evidence, the trial judge stated that he was increasing the sentence because he considered the defendant's conduct to be "reprehensible" and "inexcusable." We note, in addition, that the defendant's second sentence only arguably could be regarded as significantly more "severe" or "substantial"

than his first. Here the period of confinement imposed was the same, but a fine was added as well as a year of probation. *Cf. Longval v. Meachum*, 693 F.2d 236, 238 (1st Cir. 1982).

■ The defendant argues that his situation must be distinguished from that in *Beaupre*, where the trial judge who imposed the increased sentence after a trial *de novo* had never before dealt with the defendant. *See State v. Beaupre*, 121 N.H. at 1014, 437 A.2d at 301. He claims that where a particular judge has had prior contact with a defendant, there is a much greater likelihood of personal vindictiveness, especially where, as in this case, the defendant has challenged that judge's rulings and conduct of the earlier burglary trial in appeals to two courts. The defendant concludes that his right of appeal to that judge was chilled by his fear of personal vindictiveness, in violation of the rule in *North Carolina v. Pearce*, 395 U.S. 711, 725–26 (1969). Under the *Pearce* standard, when a more severe sentence is imposed by a judge after retrial, the reasons for doing so, based on conduct occurring *after* the original sentencing proceeding, must be supported by evidence and made part of the record. *Id.* at 726.

■ In *Colten v. Kentucky*, 407 U.S. 104 (1972), the United States Supreme Court expressly noted that the concerns expressed in *Pearce* did not apply to trials *de novo* such as the defendant obtained here in superior court. *Id.* at 116. We recognize, however, that the facts of this case present an amalgam of the *Pearce* and *Colten* fact patterns. In this case, the defendant has not been subject to a trial, appeal, reversal, retrial, and resentencing before the reversed judge as happened in *Pearce*. However here, while the trial judge has not been reversed, he is still the same judge whom the defendant has twice alleged committed error in his burglary trial.

■ We therefore agree that the defendant is entitled to some heightened judicial scrutiny of the sentencing he received. Indeed, we have held previously that the cornerstone of the due process inquiry, in cases of increased sentencing, is whether "there is 'a realistic likelihood' of an increase resulting from vindictiveness." *State v. Beaupre*, 121 N.H. at 1015, 437 A.2d at 302 (quoting *State v. Koski*, 120 N.H. 112, 116, 411 A.2d 1122, 1125 (1980)).

■ Our search of the record fails, however, to reveal any indication that the trial judge in fact was vindictive towards the defendant. On the contrary, the comments and instruction of the trial court evidence its impartiality and concern for the defendant's due process rights. We note, in addition, that the trial court has

already been found to have adhered to the *Wheeler* requirement that reasons be given where a sentence is increased after trial *de novo*.

The final issue raised by the defendant concerns the trial court's instruction on the defense of self-defense. According to the defendant, one part of the trial court's instruction removed a crucial factual determination from the jury, thereby undermining the defendant's argument that he used reasonable force in self-defense. However, the defendant failed to properly preserve this issue for appeal. At the conclusion of the court's charge to the jury, defense counsel stated that he "object[ed] to the instruction on the use of reasonable force" but gave no reasons for his objection upon which the trial court could rule.

At the time, no claim was made that the court erroneously removed a question of fact from the jury, or that because of the instruction, the defendant was effectively precluded from relying upon the defense of self-defense. Because the defendant failed to make a specific objection upon which the trial court could either correct any error it had made or rule, thereby giving the defendant an opportunity to preserve his exception, he is precluded from raising this issue on appeal. *See State v. Lister*, 122 N.H. 603, 607, 448 A.2d 395, 398 (1982); *State v. Kiluk*, 120 N.H. 1, 3, 410 A.2d 648, 649–50 (1980).

*Affirmed.*

All concurred.