Strafford
No. 82-471

THE STATE OF NEW HAMPSHIRE

v.

DAVID P. FOURNIER

August 31, 1983

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief, and *Michael A. Pignatelli*, assistant attorney general, orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BOIS, J.   The defendant was convicted in district court of a violation and four misdemeanors, including theft by unauthorized taking, *see* RSA 637:3, for allegedly breaking into a van. He appealed the theft conviction to superior court and, following a trial *de novo*, was found guilty by a jury. The Superior Court (*Goode*, J.) increased the district court sentence from six months in the County House of Correction, and one year conditional discharge, to twelve months in the House of Correction with six months suspended, and one year probation. On appeal, the defendant challenges the trial court's jury instructions, as well as the increase in his sentence. We affirm.

The trial judge instructed the jury that the State must prove every element of the offense beyond a reasonable doubt, but that "[i]t is not necessary that each fact relied on by the State be established for you beyond a reasonable doubt." The defendant argues that this instruction constitutes an addition to our model charge on reasonable doubt, in violation of *State v. Wentworth*, 118 N.H. 832, 838–39, 395 A.2d 858, 862–63 (1978). This, he argues, combined with the court's failure to distinguish between an "element" and a "fact," confused the jury and thus requires a new trial.

█    In examining the propriety of the court's instruction, we must view the disputed statement within the context of the overall charge. *State v. Allard*, 123 N.H. 209, 214, 459 A.2d 259, 263 (1983); *State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982). The record before us reveals that the trial judge properly instructed the jury under *Wentworth* on several occasions that the defendant was presumed innocent and that the State had the burden of proving each *element* of the offense beyond a reasonable doubt. The *elements* of the

theft offense were described three times during the instructions in language nearly identical to that of our statute, which provides that a defendant is guilty if he exercises unauthorized control over the property of another with a purpose to deprive him of that property. RSA 637:3, I.

▪ The court's statement that the State need not prove each fact beyond a reasonable doubt was correct. "It is settled law that the burden is on the State to establish the defendant['s] guilt beyond a reasonable doubt, but this burden does not apply to every evidentiary fact in the case." *State v. Nelson*, 103 N.H. 478, 486, 175 A.2d 814, 820 (1961), *cert. denied*, 369 U.S. 879 (1962).

▪ For these reasons, we conclude that the instructions in their entirety clearly informed the jury as to the elements of the offense and the requirement that they be proved beyond a reasonable doubt. *See State v. Zysk*, 123 N.H. 481, 488, 465 A.2d 480, 484 (1983); *State v. Langdon*, 121 N.H. 1065, 1068, 438 A.2d 299, 301 (1981).

▪ The defendant also argues that the court's instruction on the elements of accomplice liability constituted reversible error because it failed to include sufficient reference to the requisite mens rea. A reading of the trial transcript reveals that the defendant objected and took an exception to the charge on accomplice liability, but failed to give any reasons for the objection. It is well established that a party must specify the grounds for his objection so that the court will have an opportunity to correct any possible error. *State v. Thaxton*, 122 N.H. 1148, 1152, 455 A.2d 1016, 1018 (1982); *Martineau v. Perrin*, 119 N.H. 529, 532, 404 A.2d 1100, 1102 (1979) (citing *State v. Isabelle*, 80 N.H. 191, 193, 115 A.2d 806, 808 (1921)). Because the defendant failed to give any reasons for his objection, he is precluded from raising this issue on appeal. *See State v. Thaxton*, 122 N.H. at 1152, 455 A.2d at 1018.

▪ Finally, the defendant claims that the trial court failed to state reasons for the increase in his sentence, as mandated by our decision in *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980). We are not persuaded by this argument. In *Wheeler*, we held that when a district court sentence is *substantially* increased, the record must reflect the reasons for the increase. *Id.*, 416 A.2d at 1386. Here, however, we do not find the increase in the defendant's sentence to be *substantial*, because the only difference from the district court sentence is an additional six months suspended sentence and a change from a one-year conditional discharge to one year's probation. Thus, the *Wheeler* requirement is inapplicable in this

case, and we need not reach the issue of whether the trial judge's reasons were adequately reflected in the record.

*Affirmed.*

All concurred.