THE STATE OF NEW HAMPSHIRE

v.

MARCIA C. HAMILTON

THE STATE OF NEW HAMPSHIRE

v.

ROBERT A. BELANGER

August 31, 1983

*Gregory H. Smith,* attorney general (*Donald J. Perrault,* assistant attorney general, on the brief, and *Edna M. Conway,* attorney, orally), for the State.

*Shaines, Madrigan & McEachern,* of Portsmouth (*Paul A. McEachern* on the brief and orally), for the defendants.

BATCHELDER, J.   This appeal challenges the Trial Court's (*Goode*, J.) imposition of a sentence, after a jury trial de novo, which was greater than the sentence imposed by the district court in the original proceeding. We remand for resentencing consistent with this opinion.

The defendant Robert Belanger was president of Local 202 of the Professional Air Traffic Controllers Organization (PATCO). Defendant Marcia Hamilton was president of PATCO Local 234. During August through December of 1981, there was a "job action" by that now-defunct union which included daily picketing outside the Federal Aviation Administration facility in Nashua. Because of their positions as union presidents, the defendants were consistently part of the picket line.

On September 3, 1981, the defendant Belanger was arrested for disorderly conduct, RSA 644:2, when he persisted in crossing beyond areas which were cordoned off so that shift changes by non-striking controllers could be facilitated without incident. Belanger was convicted, as charged, in Nashua District Court, was fined $100, and was given a suspended thirty-day sentence in the house of correction.

Defendant Hamilton was arrested on October 14, 1981, for disorderly conduct. When informed that she was being arrested, Hamilton put her hands behind her back, screamed at the officers, kicked, and otherwise made it difficult for the arresting officers to get her into the police cruiser. Hamilton was also tried in Nashua District Court. Although she was acquitted of disorderly conduct, Hamilton was found guilty of resisting arrest. *See* RSA 642:2. Consequently, she was given a suspended thirty-day sentence in the house of correction.

Both defendants appealed to the superior court, requesting a jury trial de novo, and the cases were consolidated for trial. The jury found both defendants guilty of the offenses for which they previously had been convicted. At the sentencing hearing, the State recommended the same sentences that had been imposed by the district court. The trial court, however, sentenced both defendants to thirty days in the Hillsborough County House of Correction. The court offered the following statement prior to sentencing:

> "The evidence in these cases has established that each of you, Miss Hamilton and Mr. Belanger, conducted yourselves in a manner which was uncalled for, which was unlawful, which you knew was unlawful, and which was clearly designed to test the legal authority of the State. The kind of example you were attempting to set for those

"who looked to you for leadership was one of being law-breakers. To the extent each of you believes that the conduct for which you stand convicted should somehow be mitigated because of some perceived injustice inflicted upon you and thus make you immune from the laws which govern the conduct of other citizens in this State, you are mistaken."

The defendants appeal the imposition of the sentences greater than those imposed in the district court, on the basis of *State v. Wheeler*, 120 N.H. 496, 416 A.2d 1384 (1980).

In *Wheeler*, this court set forth the following policy: "Unexplained *substantial* increases in sentences do not comport with sound judicial policy. Hereafter, whenever the superior court, after a trial de novo, *substantially* increases a sentence imposed by the lower court, the record must reflect the reasons for the change." *Id.* at 499, 416 A.2d at 1386 (emphasis in original).

Since *Wheeler*, we have had the opportunity to further elucidate this doctrine. In *State v. Beaupre*, 121 N.H. 1013, 1014–15, 437 A.2d 301, 301–02 (1981), the trial court was found to have justified an increase in the sentence imposed previously "because of the specific facts of the case and policy considerations regarding DWI offenses," and that there was no proof of judicial vindictiveness. Furthermore, recently in *State v. Thaxton*, 122 N.H. 1148, 1150–51, 455 A.2d 1016, 1017 (1982), we held that the trial court's findings that the defendant's conduct was "reprehensible" and "inexcusable" were a sufficient basis for its imposition of a greater fine as well as a year of probation upon the defendant after a trial de novo.

■■ The imposition of a sentence of confinement, as occurred in the cases at hand, is a substantial increase in sentence warranting heightened judicial scrutiny. *See State v. Thaxton*, 122 N.H. at 1150–51, 455 A.2d at 1017. Simply stated, the rationale underlying *Wheeler* and its progeny is this: In order to justify a substantial enhancement of sentence, the reviewing court must be able to determine from the record why a particular defendant was dealt with more harshly in superior court than he was in the district court. The record in this case does not meet that test.

A reading of the record does not indicate which of the defendants believed his or her conduct should be "mitigated because of some perceived injustice inflicted upon . . . [them] and thus make . . . [them] immune from the laws which govern the conduct of other citizens. . . ." By pleading not guilty the defendants had merely chosen to put the State to its test of proving their guilt. If the trial judge's remarks were addressed to both defendants, the record does

not support the quoted language insofar as it pertains to Hamilton, who was convicted of resisting arrest. If the trial court's remarks applied only to Hamilton, there is no support in the record; and if they were intended to apply only to Belanger, then the rationale relied upon by the court does not support the enhanced sentence given to the defendant Hamilton. Nor did the trial court specify which activity, resisting arrest or disorderly conduct, was designed to test the legal authority of the State in this labor dispute.

■ Because the record in the instant cases fails to delineate either reasons for the thirty-day sentence as it relates to each defendant, or the reason for the increase in the sentences from those imposed initially, if violates the *Wheeler* standard, and we remand for resentencing.

■ Relying on *State v. Ramos*, 121 N.H. 863, 869, 435 A.2d 1122, 1125 (1981), the defendants also claim that the trial court improperly refused to give a requested instruction to the jury concerning its consideration of evidence of the defendants' good character. This argument is not persuasive in view of the fact that the defendants did not offer directly any evidence on the issue of good character.

*Remanded.*

BOIS, J., dissented; the others concurred.

BOIS, J., dissenting: We have recently noted that it is a well-established rule in this jurisdiction that sentencing is left to the sound discretion of the trial court and that a sentence will not be disturbed unless it is grossly disproportionate to the crime. *State v. Little*, 123 N.H. 433, 437, 462 A.2d 117, 119 (1983); *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980).

The sentence imposed by the court in this case was greater than that imposed by the district court or recommended by the State, but well within the limits permitted by statute. *See* RSA 651:2. In *State v. Wheeler, id.* at 499, 416 A.2d at 1386, we held that whenever the superior court, after a trial de novo, substantially enhances a sentence imposed by the district court, the record must reflect the reasons for the change. In *State v. Beaupre*, 121 N.H. 1013, 1015, 437 A.2d 301, 302 (1981), we reaffirmed that decision and held that in *Wheeler* "we did not state what reasons were necessary . . . but only that *some reasons* were necessary." (Emphasis added.) *See State v. Thaxton*, 122 N.H. 1148, 1150–51, 455 A.2d 1016, 1017 (1982).

Because the record before me reflects the reasons given by the trial court for the enhancement of sentence, I would hold that it complied with *Beaupre* and *Wheeler* and would not tamper with

690

the discretion of the sentencing judge. *State v. Little*, 123 N.H. at 437, 462 A.2d at 119; *State v. Fraser*, 120 N.H. 117, 123, 411 A.2d 1125, 1129 (1980).