Merrimack
No. 84-078

## The State of New Hampshire

v.

## Patrick McLaughlin

February 15, 1985

*Gregory H. Smith*, attorney general (*Gregory W. Swope*, assistant attorney general, on the brief), by brief for the State.

*James E. Duggan*, appellate defender, of Concord, by brief for the defendant.

BATCHELDER, J. The defendant was convicted in Franklin District Court of driving while intoxicated, second offense. He was sentenced to serve thirty days at the house of correction, with twenty-three days suspended, was fined $500 plus a $50 penalty assessment, and had his driver's license revoked for three years. Defendant appealed to Superior Court (*O'Neil*, J.), where he was convicted by a jury in a trial de novo. He received the same fine and penalty as before, and his license was again revoked for a three-year period, but he was sentenced to the house of correction for six months, four months suspended. Defendant appeals the superior court's enhanced sentence. For the reasons which follow, we affirm.

At the superior court trial, the judge heard testimony of two Franklin police officers. One officer observed the defendant, while driving on a public highway, swerve across the center line and back again across to the shoulder on several occasions. Two oncoming vehicles and a pedestrian were forced to move off the roadway to avoid collision with the defendant. The defendant's car came to rest when it collided with a retaining wall in a public parking area.

The first officer, who was then off duty and with his family, radioed for a uniformed officer. The two officers observed the defendant's difficulty in getting out of his car and standing. One of the officers testified that the defendant had a strong odor of alcohol, appeared red in the face, and exhibited glassy, bloodshot eyes. After being handcuffed and seated in the cruiser, the defendant fell asleep during the five-minute drive to the station. At the station, the defendant failed three sobriety tests. The defendant was taken to the hospital for examination due to the possibility of a diabetic condition. A blood test was taken; however, no insulin was administered, nor was the defendant given any food or sugar.

The defense argued that the defendant's diabetic condition, exacerbated by his not having eaten since the previous night, caused his admittedly impaired condition. There was ample testimony that, if diabetes had caused the impairment, the impairment would have worsened, not improved, over time until the defendant ate something. Ultimately, the defendant, without sugar or food, would have lapsed into a coma. However, the testimony was that, during the time the defendant was in the custody of the police, he was under constant observation and ingested no sugar or food. Nevertheless, the defendant's responsiveness and coordination actually improved. These facts suggest an impairment due to alcohol, not diabetes.

After a guilty verdict, the prosecutor recommended the identical sentence imposed by the district court. From the outset of the sentencing phase, however, the trial judge expressed dissatisfaction with the leniency of the district court sentence. The judge stated:

> "[T]his isn't just an ordinary drunken driving case. This man was in absolutely an incredible condition. In fact, he could have been charged with reckless driving as well, because he was driving to endanger a lot of people's lives . . . . Here's a defendant who was convicted for an offense on October 30, 1979, and here he's in 1983 in a condition like that. Seven days is not an answer to that."

The judge's order stated:

> "I find the conduct of the defendant reprehensible. He was, in my opinion, not only grossly under the influence of

liquor, but drunk. His manner of operation created a menace. He came close to causing serious bodily [in]jury or death. This is one of the worst DWI's I have heard in 14 years."

Defendant's exception to the enhanced sentence was noted. This appeal followed.

The defendant argues as follows: in cases in which the superior court increases a district court sentence without being called upon by the prosecutor to do so, and with less evidence than was introduced in the district court, this court should subject the superior court's increased sentence to "special scrutiny" to assure that there has been no abuse of discretion. Absent such a rule, the defendant argues, the opportunity for abuses of discretion will chill other convicted persons' exercise of their rights to a jury trial.

■■■ The trial court's sentence in a given case is a matter of discretion unless the sentence is grossly disproportionate to the crime. *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980). Where the superior court, after a trial de novo, substantially increases the sentence imposed by the district court, the record must reflect the reason for the change. *Id.* In fixing a sentence, the trial court is not ordinarily bound by recommendations of the prosecutor. *See State v. Burroughs*, 113 N.H. 21, 23, 300 A.2d 315, 316 (1973); *LaVallee v. Perrin*, 124 N.H. 33, 38–39, 466 A.2d 932, 936 (1983). New evidence is not necessarily required to justify an enhanced sentence. *See State v. Thaxton*, 122 N.H. 1148, 1150, 455 A.2d 1016, 1017 (1982) (trial judge may justify enhancement of sentence upon policy grounds that he considered defendant's conduct "reprehensible and inexcusable.")

In *Thaxton*, we held that the defendant was entitled to judicial scrutiny of the trial judge's enhanced sentence beyond that required by *State v. Wheeler supra*. In *Thaxton*, the trial judge who enhanced a district court sentence had also been the trial judge in a previous conviction against that defendant. The previous conviction was the subject of two unsuccessful appeals, one to this court and another by writ of habeas corpus to the United States District Court for the District of New Hampshire. The heightened scrutiny announced in *Thaxton* resulted from a possibility of an increase resulting from vindictiveness. *Id.* at 1151, 455 A.2d at 1017–18.

■■ The factors contributing to the greater risk of vindictiveness involved in *Thaxton* are not present in this case. The fact that the prosecutor did not recommend an enhancement is not a ground for suspecting vindictiveness or the appearance of vindictiveness so as

to trigger scrutiny beyond that which *State v. Wheeler* already requires. The trial judge's reasons for enhancing the sentence are sufficiently stated on the record to warrant the enhanced sentence imposed. *See State v. Beaupre*, 121 N.H. 1013, 437 A.2d 301 (1981).

*Affirmed.*

All concurred.