Hillsborough
No. 85-207

## *In re* GENE B.

July 17, 1986

*Stephen E. Merrill*, attorney general (*Tina Schneider*, assistant attorney general, on the brief and orally), for the State.

*Joanne Green*, assistant appellate defender, of Concord, by brief and orally, for the defendant.

### MEMORANDUM OPINION

The minor respondent was charged with two unrelated acts of

delinquency. RSA 169-B:2, II (Supp. 1985). The first related to possession of a controlled drug with intent to sell; the second, here on appeal, would have been aggravated felonious sexual assault if perpetrated by an adult. RSA 632-A:2 (Supp. 1983). The Manchester District Court found the minor to be a delinquent under each charge. On the drug offense, the court committed him to the youth development center (YDC) for his minority, RSA 169-B:19, I(i) (Supp. 1985); and on the sexual assault charge it committed him to the house of correction for a term of one year, to begin at the expiration of his commitment to the YDC. RSA 169-B:19, III (Supp. 1985) (a minor found to be delinquent after his seventeenth birthday may be committed to a house of correction but must be confined separately from adults).

The minor appealed the determination of delinquency on the sexual assault charge, *see* RSA 169-B:29 (Supp. 1985), and the matter was heard *de novo* in the Superior Court (*Goode*, J.). On April 24, 1985, he was again found to be delinquent, but the superior court's dispositional order differed from the order below, by providing for the minor's immediate commitment to the house of correction to serve a term expiring on his nineteenth birthday.

In this appeal, the juvenile claims that the commitment to the house of correction for a period twenty-five percent longer than the district court had imposed was a "substantial" increase, which the superior court failed to justify by reasons on the record, and which should therefore be vacated under *State v. Wheeler*, 120 N.H. 496, 499, 416 A.2d 1384, 1386 (1980). For the purposes of applying *Wheeler*, however, we cannot conclude on the present record that there was an increase in the period of commitment, let alone a substantial one.

▮ Our case-by-case approach to the analysis of increases in sentences following *de novo* appeals has at least made it clear that we look to the practical results of sentencing changes when we construe *Wheeler*'s requirement that any substantial increase in the length or severity of a sentence be justified by reasons stated on the record. *Compare State v. Fournier*, 123 N.H. 777, 779–80, 465 A.2d 898, 900 (1983) (no substantial increase because only difference in sentence is an additional six months suspended sentence and change from one-year conditional discharge to one year's probation) *and State v. Thaxton*, 122 N.H. 1148, 1150–51, 455 A.2d 1016, 1017 (1982) (change from 90-day sentence to one-year sentence with nine months suspended, fine of $1,000.00 and one-year probation only arguably substantial because period of confinement the same) *with State v. Hamilton*, 123 N.H. 686, 688–89, 465 A.2d 495, 496–97 (1983)

(increase from suspended thirty-day sentence and $100.00 fine to thirty-day sentence in house of correction was substantial increase) *and State v. Wheeler supra* (five-fold increase in fine from $150.00 to $750.00 was substantial increase).

The only obvious practical effect of the superior court's order in this case was to change the place of commitment from the YDC to the house of correction for the period from April 24 through July 25, 1985. The superior court did not increase the duration or severity of the combined commitments so as to implicate *Wheeler*. Defense counsel has suggested a further practical difference, in that a minor at the house of correction is ineligible for the temporary furloughs that would be possible at the YDC. The record, however, furnishes no basis to infer that this difference is anything but *de minimis*.

*Affirmed.*