Strafford
No. 93-284

THE STATE OF NEW HAMPSHIRE

v.

DAVID PAGLIERANI

September 26, 1994

*Jeffrey R. Howard,* attorney general (*John A. Curran,* assistant attorney general, on the brief and orally), for the State.

*Judith M. Kasper,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

## MEMORANDUM OPINION

HORTON, J. The defendant, David Paglierani, was convicted after a jury trial in Superior Court (*Fitzgerald,* J.) of two counts of aggravated felonious sexual assault in violation of RSA 632-A:2, I(j)(1) (Supp. 1993), which prohibits sexual penetration of a person between the ages of thirteen and sixteen who is a "member of the same household." He argues that there was insufficient evidence of both penetration and membership in the same household. We affirm.

The then fifteen-year-old victim, a ward of the division of children and youth services (DCYS), was a student at a Vermont boarding school. DCYS arranged for "respite" stays in the defendant's New Hampshire home for the 1990 Thanksgiving and Christmas holidays. During those holidays, the victim, among other things, joined the family on its vacation and was subject to parental-like control. The defendant was alleged to have twice engaged in sexual intercourse with the victim during her respite stays.

[1] The defendant argues that there was insufficient evidence from which a jury could conclude that he and the victim were members of the same household. A sufficiency inquiry may involve two steps: a preliminary legal question may exist as to the definition of the element of the crime, and the evidence may be reviewed to determine if a reasonable jury could find that the element, as so defined, was proven. In moving to dismiss, however, the defendant did not indicate that he was challenging the proper legal definition of "member of the same household," instead arguing only that

> the basis of these offenses is that there is [sic] accusations of a member of the same household. I would suggest to the Court[] at this juncture of the proceeding there is insufficient evidence, in whatever light the Court deems to take it in this proceeding, to permit it to go forward on that very essential element . . . .

Later, when asked by the trial court to respond to a proposed jury instruction defining "household" as "a domestic establishment including the members of a family and others living under the same roof," all defense counsel could muster was a general objection. Counsel gave no specific ground for the objection and offered no alternative instruction. Accordingly, we do not address whether the trial court embraced the proper legal definition, and our sufficiency of the evidence inquiry is limited to whether a reasonable jury could have found that the definition given by the trial court was met. Cf. State v. Fournier, 123 N.H. 777, 779, 465 A.2d 898, 900 (1983) (party must specify grounds for objection to trial court's instruction, and thus general objection did not preserve issue for appeal); State v. Thaxton, 122 N.H. 1148, 1152, 455 A.2d 1016, 1018 (1982) (same).

In reviewing sufficiency of evidence, we view the evidence in a light most favorable to the State and will affirm unless the defendant can show that no rational trier of fact could have found guilt beyond a reasonable doubt. State v. Allcock, 137 N.H. 458,

461, 629 A.2d 99, 101 (1993). In light of the evidence that the victim lived in the defendant's home at the time of the incidents, and that, while there, she was subject to parental-like control, we hold that a reasonable jury could have found that the victim and the defendant were members of the same household.

■ Next, the defendant argues that there was insufficient evidence of penetration because, although the victim testified that the defendant had "intercourse" with her, she never said what she meant by the term "intercourse," and that other parts of her testimony suggested that she misunderstood the term. We disagree. At the time the victim testified, she was one month shy of her eighteenth birthday. With respect to the two episodes, only after describing in detail a course of foreplay did the victim conclude by stating that "intercourse" occurred. Further, the defendant ignores other evidence of penetration in the record. The victim responded affirmatively on cross-examination to a question asking whether "sexual intercourse" had occurred. The victim also answered several questions about birth control precautions, questions (and answers) that would have made little sense had there been no sexual intercourse. Finally, the victim testified about vaginal bleeding after one of the incidents. In sum, we hold that there was sufficient evidence from which a reasonable jury could have found that penetration occurred. *Allcock,* 137 N.H at 461, 629 A.2d at 101.

*Affirmed.*

All concurred.