Grafton
No. 93-796

THE STATE OF NEW HAMPSHIRE

v.

MARK WILSON

July 24, 1995

*Jeffrey R. Howard,* attorney general (*Sharon J. Fray-Witzer,* attorney, on the brief and orally), for the State.

*David M. Rothstein,* assistant appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Mark Wilson, was convicted in Superior Court (*O'Neill,* J.) of felony criminal mischief; RSA 634:2, II(b) (1986) (current version at RSA 634:2, II(b) (Supp. 1994)). On appeal, the defendant argues that his conduct was not within the purview of RSA 634:2, II(b). We agree that the defendant did not violate the statute and therefore reverse.

On March 31, 1991, Easter Sunday, the defendant and three friends were "cruising around and . . . drinking." They decided to stop near some satellite dishes because the defendant and one of his companions, Alan Hobbs, needed to relieve themselves. Hobbs testified that, after answering nature's call behind a small building,

he returned and saw the defendant hanging from one of the satellite dishes, "hooting and hollering" and "acting like a monkey." Hobbs also saw the defendant grab one of the satellite dishes and move it.

The manager of Simmons Cable TV, the company that owns the dishes, testified that the reception of fourteen channels was affected when the dishes were moved. Over half of the cable system's channels were interrupted for approximately four hours.

The defendant was convicted under RSA 634:2, II(b), which makes it a class B felony purposely to cause or attempt to cause a "substantial interruption or impairment of public communication, transportation, supply of water, gas or power or other public service." The defendant was indicted for "purposely causing a substantial interruption of a public service." He argues that the evidence was insufficient to support a finding that cable television is a "public service." "A sufficiency inquiry may involve two steps: a preliminary legal question may exist as to the definition of [an] element of the crime," and the evidence produced at trial may be insufficient to support a reasonable jury's finding that the element, so defined, was proven beyond a reasonable doubt. *State v. Paglierani*, 139 N.H. 37, 38, 648 A.2d 209, 210 (1994). The defendant argued below that the "State failed to produce sufficient evidence to show Simmons Cable T.V. Service was a 'public service' as contemplated by . . . [RSA] 634:2." Therefore, the definition of that element was at issue before the trial court and is properly before us on appeal.

The legislature has not defined "public service" in this context. General words in a statute that follow specific words, however, are construed to include only items of a similar character to the specific ones mentioned. *Town of Gilsum v. Monadnock Reg. School District*, 136 N.H. 32, 40, 611 A.2d 625, 629 (1992). Therefore, "other public service," as used in RSA 634:2, II(b), comprises services similar to public communication, transportation, water, gas, and power service. The legislature has employed similar phrasing, including the words "other public services," to describe services essential to the public welfare. *See* RSA 674:36, II(a) (1986); RSA 205:1 (1989); *see also* RSA 374:48, II (1984) (differentiating between "public utility compan[ies] which suppl[y] gas, electricity, water or telephone service" and "cable television compan[ies]").

We have previously had occasion to consider the legislative intent underlying RSA 634:2. Although *State v. Paris*, 137 N.H. 322, 627 A.2d 582 (1993), involved a violation of RSA 634:2, II(a), we noted that the legislative history indicates that "'[t]he grading of this offense is based upon considerations of seriousness similar to those

that govern theft offenses, namely, the amount of property lost, and upon the seriousness as measured by effects on *essential public services.*'" *Paris*, 137 N.H. at 328, 627 A.2d at 586 (quoting the 1969 "Report of Commission to Recommend Codification of Criminal Laws") (emphasis added).

Because cable television is not an essential public service, *accord Devon-Aire Villas Home. v. Americable Assoc.*, 490 So. 2d 60, 63-64 (Fla. Dist. Ct. App. 1985) (cable television not "the equivalent of, for example, electricity and water"); *Sheppard v. City of Orangeburg*, 442 S.E.2d 601, 603 (S.C. 1994) ("We do not believe that the value and necessity of cable television is so self-evident that this court should declare that a cable television system provides an essential service."), we conclude that the legislature did not intend that RSA 634:2, II(b) apply to interruption or impairment of cable television service; therefore, the defendant's actions did not constitute felony criminal mischief under RSA 634:2, II(b).

*Reversed.*

All concurred.